**Kent**
**v.**
**Central Benefits Mut. Ins. Co.**
*[Cite as 2 AOA 562]*

*Case No. 89AP-755*
*Franklin County, (10th)*
*Decided March 29, 1990*

*Schottenstein, Zox & Dunn, and Mr. Rick E. Marsh, for appellees.*

*Baker & Hostetler, and Mr. Randall S. Rabe, for appellant.*

REILLY, P.J.

Defendant, Central Benefits Mutual Insurance Company, appeals from the judgment of the trial court awarding plaintiffs attorney fees of $27,406.58.

Plaintiff, Elizabeth Kent, was enrolled in her mother's group health care plan provided by defendant. Elizabeth has epilepsy, as well as additional brain dysfunctions. After treatment in both a hospital and a residential care facility, Elizabeth's parents sent her to the Menninger Foundation in Topeka, Kansas. Defendant denied plaintiffs' pre-admission certification application for treatment at the Menninger Foundation and affirmed this denial when plaintiffs pursued an appeal within Central Benefits. Plaintiffs subsequently brought suit under the Employee Retirement Income Security Act of 1974 ("ERISA") seeking a determination that the insurance policy issued by defendant to Elizabeth's mother covered the medical bills Elizabeth incurred and would incur in the future at the Menninger Foundation.

At trial, a number of letters written by defendant to Elizabeth's parents and attorney were introduced into evidence. The letters were both internally inconsistent and mutually contradictory. It was not clear whether defendant denied coverage due to the "chronic nature of the patient's condition" or because in-patient psychiatric treatment was not "the most appropriate level of care" under the "Medical Necessity" provisions of the group policy.

The trial court determined that coverage was denied due to the chronic nature of Elizabeth's condition and her apparent lack of improvement. The court found that such a rationale for denial of benefits was not correct based upon the terms of the policy. This court affirmed the judgment of the trial court in *Kent v. Central Benefits Mutual Ins. Co.* (Feb. 9, 1989), No. 88AP-758, unreported (1989 Opinions 238). This court wrote, at page 244, the following:

"*** Although the court did not expressly set out the proper standard of review for the denial of coverage as arbitrary and capricious, the court's language indicates that it applied the arbitrary and capricious standard. ***"

Thereafter, plaintiffs filed in the trial court a supplemental memorandum in support of a motion for an award of fees, expenses and costs. The trial court granted the motion awarding plaintiffs' fees and expenses for both the initial action and the subsequent appeal. The court's decision noted that defendant's conduct was found to be arbitrary and capricious and that the motion for attorney fees and expenses was sustained.

Defendant advances the following assignment of error:

"The trial court abused its discretion in awarding attorneys' fees to the plaintiffs-appellees."

The civil enforcement provisions of ERISA preempt state law. *Pilot Life Ins. Co.* v. *DeDeaux* (1987), 481 U.S. 41. In *Richland Hospital, Inc.* v. *Raylayn* (1987), 33 Ohio St. 3d 87, the Supreme Court held that when Ohio courts "*** award benefits due under ERISA plans, their rationale must be consistent with federal law." *Id.* at 92.

Section 1132(g)(1), Title 29, U.S. Code, provides that "*** the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." The issue is whether

the trial court's award of attorney fees is fair and reasonable. An award of attorney fees under ERISA is not to be made as a matter of course, but only in the sound discretion of the trial judge. *Iron Workers Local No. 272* v. *Bowen* (C.A.5, 1980), 624 F.2d 1255, 1265-1266.

The standard of review, in this case, is whether the trial court abused its discretion in awarding attorney fees. An abuse of discretion goes beyond a mere error in judgment. It implies that the court's attitude was unreasonable, arbitrary or unconscionable. *State, ex rel. Jenkins,* v. *Tyack* (1985), 17 Ohio St. 3d 242. The fact that another court may have reached a different conclusion does not establish an abuse of discretion. *Cox* v. *Fisher Fazio Foods, Inc.* (1984), 13 Ohio App. 3d 336.

Virtually every federal court of appeals has adopted the five-factor test originally expressed by the Tenth Circuit in *Eaves* v. *Penn* (C.A.10, 1978), 587 F.2d 453, 465, to assist the trial courts in the exercise of their discretion. These factors or guidelines are:

(1) The degree of the opposing party's culpability or bad faith;

(2) The ability of the opposing party to satisfy an award of attorney's fees;

(3) Whether an award of fees against the opposing party would deter others from acting in similar circumstances;

(4) Whether the party requesting fees sought to benefit all participants and beneficiaries of a multiemployer plan or to resolve a significant legal question; and

(5) The relative merits of the parties' position. *Secretary of Department of labor* v. *King* (C.A.6, 1985), 775 F. 2d 666, 669.

"Not all of the factors will be relevant in a given case, and no single factor is necessarily dispositive." *Firestone Tire & Rubber Co.* v. *Neusser* (C.A.6, 1987), 810 F.2d 550, 558. The test is not rigid but provides only general guidelines which the trial court may use in the exercise of its discretion. *Gray* v. *New England Tel. and Tel. Co.* (C.A.1, 1986), 792 F.2D 251, 258.

While the trial court was not required to expressly apply the test in its decision, the guidelines, where relevant, may be used to assist the trial court in exercising its discretion. The ultimate issue, however, remains whether the award is fair and reasonable under the facts of a particular case.

The trial court did not mention the five-factor test in its decision. The parties, however, brought it to the attention of the court in their briefs. If the court awarded attorney fees simply because it found that defendant's conduct arbitrary and capricious, the award would be error. Attorney fees are not to be awarded as a matter of course, but in the sound discretion of the trial court. An award of fees based solely on defendant's arbitrary and capricious conduct would result in an automatic fee award every time an ERISA claimant prevailed since to prevail, an ERISA claimant must prove that the plan administrator acted in an arbitrary and capricious manner.

The trial court found that defendant denied coverage solely because of the chronic nature of Elizabeths's condition. The trial court could, but was not required to consider defendant's suggestion that it intended to deny coverage under the policy's medical necessity clause. If the court considered only the findings of fact, factors one and five of the five-factor test, degree of bad faith and relative merits, would support an award of attorney fees because, as indicated above, defendant had no contractual right to terminate coverage due to the chronic nature of the ailment. At any rate, this court has previously determined that the conduct in terminating Elizabeth Kent's benefits was arbitrary and capricious.

Since defendant is able to satisfy the award, the second factor also supports the grant of attorney fees. The record indicates that the award is fair and reasonable under the circumstances of this case. Thus, the trial court did not abuse its discretion in awarding attorney fees to plaintiffs.

Plaintiffs, in their brief, also request attorney fees and costs incurred due to defendant's appeal of this matter. Although plaintiffs have either file a motion for attorney fees nor presented evidence to that effect, R.C. 2505.35 provides that an appellate court may assess costs, additional interest or damages if the court finds no reasonable cause for the appeal. As the court is unable to find reasonable cause for this appeal, plaintiffs are awarded $250 in attorney fees pursuant to R.C. 2505.35 as part of the costs herein, which are assessed against defendant. Additionally, pursuant to R.C. 2505.35, the judgment of the trial court shall bear additional interest at a rate of five percent per annum for the time in which it was stayed pending this appeal.

Defendant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed;*
*plaintiff's awarded attorney fees.*

WHITESIDE and BRAME, JJ. concur.
BRAME, J., of the Vinton County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.