TESSLER, Appellee,

v.

AYER et al., Appellants.

[Cite as *Tessler v. Ayer* (1995), 108 Ohio App.3d 47.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–950027, C–950195.

Decided Dec. 29, 1995.

48

*Lerner, Sampson & Rothfuss, Donald M. Lerner* and *Alan J. Ullman,* for appellee.

*Wood & Lamping* and *David C. DiMuzio,* for appellants.

PAINTER, Judge.

These consolidated appeals are part of a long saga between once willing and now unwilling partners who have become inseparable through lengthy, costly and painful rounds of litigation. This is yet another salvo in their private war.

This is the third set of appeals between these parties based on the same set of facts. An excellent summary of these facts may be found in *Tessler v. Ayer* (Oct. 25, 1995), Hamilton App. Nos. C–940574, C–940632, C–940780 and C–940849, unreported, 1995 WL 621316 (*"Tessler II"*). For the purposes of this set of appeals, a brief synopsis is in order.

In 1985, plaintiff-appellee Irvin J. Tessler and defendant-appellant Donald R. Ayer formed A & T Partnership ("the partnership") for the purpose of investing in commercial real estate. Ayer had a five-sixths interest, and Tessler had a one-sixth interest.

In May 1991, Ayer and Tessler began negotiations for Ayer to purchase Tessler's interest. After a controversy over the value of the one-sixth interest, the negotiations broke down. After the breakdown in negotiations, Ayer unilaterally took possession of Tessler's interest because Tessler allegedly had defaulted on a promissory note secured by Tessler's interest in the partnership.

In April 1992, Tessler filed an action for his one-sixth interest.[1] Ayer requested and received a stay of the action pending arbitration pursuant to the partnership agreement. The arbitrator determined that Tessler had to pay $50,714.70 to Ayer on the note with interest at nine percent per annum from September 10, 1991, until the note was paid in full, and that upon payment by Tessler, Ayer had to return Tessler's one-sixth interest.

Tessler paid Ayer the amount necessary to retire the note, but Ayer did not return the one-sixth interest. Instead, Ayer filed a motion with the trial court to modify or vacate the arbitrator's award. Tessler countered by moving for an entry of judgment on the arbitration. The trial court denied Ayer's motion and entered judgment on the arbitration award to Tessler, declaring that Tessler had paid the full amount to retire the note and that Tessler remained the owner of the one-sixth interest.

Ayer appealed. Tessler moved the trial court to appoint a receiver for the partnership. The court denied the motion on jurisdictional grounds. Tessler

---

1. The details of what relief Tessler requested may be found in *Tessler II, supra,* at 3.

then moved the appellate court to either appoint a receiver or instruct the trial court to proceed on the motion to appoint a receiver.

In the first set of consolidated appeals, Ayer asserted that the trial court erred by (1) failing to modify or vacate the arbitration order, and (2) entering a judgment that did not conform to the arbitration award. *Tessler v. Ayer* (May 18, 1994), Hamilton App. Nos. C–930133 and C–930314, unreported, 1994 WL 192221, discretionary appeal not allowed (1994), 70 Ohio St.3d 1457, 639 N.E.2d 795 *("Tessler I").* Tessler asserted that the trial court erred by overruling Tessler's motion for a receiver. This court overruled Ayer's two assignments of error and sustained Tessler's assignment of error. The Supreme Court of Ohio denied Ayer's motion for discretionary appeal. *Tessler I, supra.*

On remand, the trial court entered judgment appointing Koll Management Services ("Koll") as receiver for the Hillcrest Tower property. Ayer appealed the entry appointing the receiver.

Ayer then filed a motion for relief from the judgment requiring Ayer to return the one-sixth interest to Tessler under Civ.R. 60(B)(4), which the trial court overruled. Ayer appealed this decision, claiming that the partnership had already been dissolved and therefore Tessler was entitled to only the book value of the one-sixth interest.[2]

Next, Ayer filed a notice of subpoena for the attendance of William S. Abernethy, the original arbitrator of this dispute, at a deposition. Tessler filed for a protective order, which was granted. Ayer appealed this decision as well.

Finally, Ayer filed a new demand for arbitration of these litigated issues, apparently hoping to find a forum to issue an alternative opinion to that of the first arbitrator, the trial court, and the appellate court. Concurrently, Ayer filed a motion to stay the trial court proceedings, pending the new demand for arbitration. The trial court denied the stay motion, and Ayer filed a fourth appeal to stay the trial court proceedings.

Ayer also filed a separate action in common pleas court to quiet title on the Hillcrest Tower and Lykins properties. This action was consolidated with the other pending action, and Ayer appealed the consolidation order.

Tessler filed a motion for summary judgment on the quiet-title action, which the trial court granted. Naturally, Ayer appealed.

This multitude of appeals was consolidated, and this court overruled each of Ayer's assignments of error and affirmed each of the rulings of the trial court. *Tessler II, supra.*

---

**2.** Ayer claimed that the book value of Tessler's one-sixth interest was $96,072 plus interest, a paltry sum when compared to the fair market value of well over $1,000,000.

In the interim, while *Tessler II* was pending, the trial court appointed a receiver for the Lykins property pursuant to a motion for aid in execution of the previous judgment. The trial court further held that the Hillcrest Tower and Lykins properties were owned by the partnership at the time that Ayer conveyed the properties to himself and therefore the conveyance and subsequent mortgage recorded October 28, 1992, in favor of Ayer Electric, Inc. ("Ayer Electric"), the alter ego of Ayer, were null and void. The trial court also appointed an accountant to determine the partnership assets and liabilities as of September 9, 1991.

Roughly two months later, the trial court ordered Ayer to pay the rent revenues received on the two properties to Koll plus the attorney fees in conjunction with Koll's motion to have these revenues properly paid to it in its capacity as receiver.

Ayer has appealed each of these orders and sets out five assignments of error. Ayer asserts that the trial court erred by (1) adjudicating real estate title issues in a Civ.R. 70 proceeding; (2) adjudicating real estate title issues in a R.C. 2711.01(B) proceeding; (3) setting aside a mortgage and adding a party defendant when the arbitration was silent on these issues; (4) forcing two individuals to involuntarily join in a partnership; and (5) awarding attorney fees with no basis for the award. Two weeks before these appeals were scheduled to be heard, Tessler filed a motion for sanctions with our court. Ayer's five assignments of error and Tessler's motion for sanctions now constitute *"Tessler III."*

Ayer contends that it is unreasonable and unlawful to adjudicate real estate title issues when a court is considering a Civ.R. 70 motion in aid of execution. We wholeheartedly disagree. We begin by noting that Ayer is mischaracterizing the trial court order as a determination of title issues. This is not an action to quiet title. This is an action to satisfy a judgment for a one-sixth interest in a partnership.

Civ.R. 70 states: "If real or personal property is within this state, the court in lieu of directing a conveyance thereof may enter a judgment divesting the title of any party and vesting it in others, and such judgment has the effect of a conveyance executed in due form of law."

Civ.R. 70 grants the court authority to enforce a previous court order to have a specific act performed. See, *e.g., Sheldon v. Flinn* (1993), 89 Ohio App.3d 490, 624 N.E.2d 1109; *Coyne v. Bur. of Motor Vehicles* (July 16, 1984), Clermont App. No. CA83–09–075, unreported, at 3, 1984 WL 3384.[3] We have held that the

---

3. Civ.R. 70 has rarely appeared on appeal. Only thirty-one appellate cases cite Civ.R. 70 and no Ohio Supreme Court cases have dealt with the rule. A review of these cases indicates that

trial court must inquire into and resolve factual issues necessary to determine whether a judgment order has been obeyed before invoking Civ.R. 70. *Kuyath v. Meade* (Oct. 14, 1992), Hamilton App. No. C–910855, unreported, at 4, 1992 WL 281384. Questions of ownership and control of property in a proceeding in aid of execution are questions of fact to be decided by the court that hears the evidence. *Wilson v. Columbia Cas. Co.* (1928), 118 Ohio St. 319, 160 N.E. 906; *State ex rel. Lehman v. Wilke* (Mar. 3, 1993), Hamilton App. No. C–920114, unreported, 1993 WL 55639.

▇ In this case, the required specific act is that Ayer must provide Tessler with a one-sixth interest in the partnership. With that order to return the one-sixth interest is the implied yet obvious caveat that Ayer provide Tessler with the assets and liabilities of the partnership as they stood prior to Ayer's wrongful conveyance of the two real property parcels from the partnership to himself, rather than one-sixth of an empty shell of a defunct real estate operation. Ayer clearly did not have the power to unilaterally manage the properties as he saw fit without regard for the partnership agreement and without regard for Tessler. We have already ruled in *Tessler II* that the partnership existed on January 29, 1993, when the trial court confirmed the arbitration award and issued a declaration that Tessler was a partner in possession of a one-sixth share. Therefore, the partnership was not dissolved at that point and Ayer's wrongful shifting of assets in contravention of the partnership agreement was a nullity. The partnership *still* owns the properties until the partnership's affairs are satisfactorily "wound up." R.C. 1782.44 and 1782.46. The partnership's business will never be completed until this dispute is laid to rest.

Ayer has continually disobeyed the court order requiring him to convey the one-sixth interest to Tessler, and claimed that compliance with the order is made impossible by his conveyance of the partnership property to himself, and by the recording of a mortgage in favor of Ayer Electric. Ayer claims that deciding whether the properties are properly within the partnership and whether these conveyances are proper is external to the arbitration ruling.

▇ We unequivocally and emphatically hold, for what we hope is the final time, that the arbitration ruling granted the one-sixth interest back to Tessler, and that all of these issues that have been created by Ayer's misconduct in hopes of circumventing the partnership agreement and arbitration ruling were properly subject to the trial court's power to execute that ruling. See *Colegrove v. Handler* (1986), 34 Ohio App.3d 142, 517 N.E.2d 979; *Lockhart v. Am. Res. Ins. Co.* (1981), 2 Ohio App.3d 99, 2 OBR 112, 440 N.E.2d 1210.

---

the rule is reserved for particularly obstinate parties, usually embroiled in a divorce action, which is not that dissimilar to the situation in the case at bar.

Therefore, the court order holding null and void the partnership's conveyance of the property to Ayer and the subsequent mortgage that Ayer granted to his alleged alter ego is within the authority of the trial court because the order is necessary to satisfy the previous judgment requiring Ayer to return the one-sixth interest in the partnership to Tessler.

Accordingly, we overrule the first assignment of error.

Ayer asserts that when a trial court considers a motion to set aside deeds in a R.C. Chapter 2711 proceeding (1) the trial court is prohibited by R.C. 2711.01(B)(1) from determining real estate title issues; and (2) it is unreasonable and unlawful for the court to adjudicate title issues in executing an arbitration award.

R.C. 2711.01(B)(1) states that R.C. 2711.01 to 2711.16 do not apply to controversies involving the title to or the possession of real estate.

However, as we have already noted, this is not an action to quiet title. This is an action to satisfy a judgment for a one-sixth interest in a partnership. The arbitrator ruled that once Tessler made the payment on the note to Ayer, Tessler held a one-sixth interest in the partnership. Under R.C. 2711.09, the trial court may confirm, vacate, modify or correct the award. In this case, the court confirmed the award. The trial court is further responsible for enforcing the award. *Colegrove, supra; Lockhart, supra.* Part of enforcement of the one-sixth interest award was a declaration that Ayer's conveyance of the properties to himself and the mortgage in favor of Ayer Electric were null and void, because Ayer did not independently possess the power to make any such conveyance or execute any such mortgage.

Accordingly, we conclude that R.C. 2711.01(B)(1) is inapplicable to the court's order and overrule the second assignment of error.

Ayer argues that it is unreasonable and unlawful for the court to grant motions to set aside a deed and add a party defendant when the arbitration award provided no such relief and when the party defendant was not a party to the arbitration.

As we have already stated, the arbitration award declared that Tessler remained a partner with a one-sixth share. Tessler thus retained all of the powers over the decisionmaking that the partnership agreement provided. Ayer's conveyance and subsequent mortgage of partnership property to himself was a void act. Therefore, we find no alteration of the arbitration award in any way. Rather, the court confirmed and enforced the award.

As to whether the trial court added a third-party defendant, the trial court held that Ayer Electric is the alter ego of Ayer. When a corporation is

found to be the alter ego of the shareholders, the corporate forms are disregarded and the shareholder and the corporation are treated as one and the same. *Federated Dept. Stores, Inc. v. J.V.B. Industries, Inc.* (C.A.6, 1990), 894 F.2d 862, 870–871; *Wildlife Internationale, Inc. v. Clements* (S.D.Ohio 1984), 591 F.Supp. 1542, 1550.

█ Regardless, we hold that because the deed that Ayer wrongfully recorded to himself was void, there can subsequently be no legal mortgage to Ayer Electric. Therefore, it is irrelevant whether Ayer Electric was a separate entity for the purposes of enforcing the award.

For these reasons, we overrule the third assignment of error.

Ayer asserts that it was an abuse of discretion for the trial court, when considering the arbitration award, to force two individuals to join together involuntarily in a partnership.

We have already stated above that in *Tessler II*, we affirmed the trial court's decision of January 29, 1993, when the trial court confirmed the arbitration award and issued a declaration that Tessler was a partner in possession of a one-sixth share. Therefore, as we discussed at length in *Tessler II* and reiterate here, the dissolution of the partnership was *never completed* because the affairs of the partnership were never "wound up." The parties must take the necessary legal steps to properly resolve the remaining dispute before the partnership's affairs are "wound up." See R.C. 1782.46. Until that process is completed, the partnership *remains* the owner of the properties.

Therefore, we overrule the fourth assignment of error.

Lastly, Ayer argues that it was an abuse of discretion for the court to award attorney fees when the record demonstrated that Ayer had a good-faith basis for litigating the matter in dispute, and that no legal or factual basis existed in support of the motion.

█ The general rule in Ohio is that an award of attorney fees must be based on either statutory authorization or a finding of conduct which amounts to bad faith. *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 597 N.E.2d 153. We subject an award of attorney fees to an abuse-of-discretion standard. *Fant v. Sykes* (1987), 29 Ohio St.3d 65, 29 OBR 446, 505 N.E.2d 966. An abuse of discretion implies that the trial court's decision is unreasonable, arbitrary, capricious or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

From the record it is clear that Ayer is unhappy with the way Koll is managing the properties in its receiver capacity.[4]   However, his unhappiness is not sufficient to contravene the receivership.   Koll was entitled to the rents that Ayer collected after the court appointed Koll as the receiver.   Ayer owes these rents that Koll should have received in an amount over $36,000.

Ayer's counsel argued at the hearing that "whatever claim [Koll] has, we've always been willing to return it.   We're simply saying recognize our claim, stop being Mr. Tessler's friend, and stop[5] acting like an objective receiver who is there to do a proper job, and stop harassing Mr. Ayer."

Koll's action should have been unnecessary.   Yet Ayer's actions to prove this sophomoric point made the trial court's hearing and order necessary.   Ayer cannot be said to have acted in any way but in bad faith when he admitted that he knew full well that he owed the money to Koll and refused to pay it.   Therefore, we not only fail to find an abuse of discretion, we fail to find a reason that Koll, as receiver, should have to pay its own fees for Ayer's misconduct.

We overrule the fifth assignment of error.

Tessler filed a motion for sanctions under appeal Nos. C–950027 and C–950125. As C–950125 is not before us in this case, we are only able to consider the portions of the motion pertaining to C–950027.[6]   As we read Tessler's motion, Tessler cites (1) the number of appeals and applications for reconsideration, (2) statements made by this court, and (3) a "rehashing" of issues already argued previously.

Section 3(B)(2), Article IV of the Ohio Constitution provides: "Courts of appeals shall have such jurisdiction as may be provided by law to review, affirm, modify or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *."   Section 3(B)(1)(f) of Article IV gives courts of appeals original jurisdiction "[i]n any cause on review as may be necessary to its complete determination."

In this case, we are constrained to consider whether the filing of C–950027 was frivolous under App.R. 23 to the exclusion of the statements regarding other appeals, applications for reconsideration, or any prior statements made by this court.

---

4.   Ayer's unhappiness with the receiver situation is all the more reason to get a judicial order winding up the affairs of the partnership.   The current situation is obviously costing all of the parties involved, aside from the lawyers, a great deal of money.

5.   We presume that Ayer's counsel meant "start" rather than "stop."

6.   Tessler obviously made a typographical error.   C–950195 would have been the correct number.

■ We recognized previously that "the trial court retains jurisdiction over issues not inconsistent with the power of this court to review, affirm, modify or reverse the judgment, order or decree from which an appeal is taken." *Tessler I, supra,* citing *In re Kurtzhalz* (1943), 141 Ohio St. 432, 25 O.O. 574, 48 N.E.2d 657, paragraph two of the syllabus. See, also, *Yee v. Erie Cty. Sheriff's Dept.* (1990), 51 Ohio St.3d 43, 44, 553 N.E.2d 1354, 1355. Included in these issues is a motion for sanctions. See *Harris v. Southwest Gen. Hosp.* (1992), 84 Ohio App.3d 77, 616 N.E.2d 507. While Harris concerned a motion for sanctions under Civ.R. 11, 36(A), and 37(C), the analysis can be extended to R.C. 2323.51 as well.[7] Sanctions for previous actions in the trial court are a matter for the discretion of the trial court and are not necessary to the complete determination of this appeal. Therefore, we lack jurisdiction to hear this matter on Ayer's actions that are extraneous to C–950027.

■ Nevertheless, we hold that App.R. 23 applies to C–950027. App.R. 23 states that "[i]f a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." This is a matter within our discretion. *Talbott v. Fountas* (1984), 16 Ohio App.3d 226, 16 OBR 242, 475 N.E.2d 187. A frivolous appeal is one that presents no reasonable question for review. *Talbott, supra.*

■ This appeal is clearly a "rehashing" of issues already argued previously. Ayer is obviously not convinced that the partnership still exists and owns the properties until it is "wound up," despite being told so by the trial court, by this court in *Tessler I,* and again more emphatically by this court in *Tessler II.* All that remains is the actual "winding up" of the partnership's affairs. There is literally nothing new in this third appeal.

*In this appeal,* Ayer attempts to relitigate these same issues under different grounds.[8] First, Civ.R. 70 clearly grants the court authority to enforce a previous court order to have a specific act performed. *Sheldon, supra.* Civ.R. 70 is specifically reserved for obstinate parties such as Ayer in this case. Therefore, we see no reasonable basis for Ayer's challenge to its applicability.

Second, R.C. 2711.01(B)(1) states that R.C. 2711.01 to 2711.16 do not apply to controversies involving the title to or the possession of real estate. However, as we have previously noted, there is *no controversy* regarding the title to or

---

7. Civ.R. 11 cannot apply to the conduct complained of in Tessler's motion because Civ.R. 11 applies only to pleadings, not to motions. *In re Estate of Cain* (1994), 92 Ohio App.3d 835, 637 N.E.2d 362.

8. Ayer has beaten this dead horse until it no longer even looks like a horse.

possession of the properties; therefore, we see no reasonable basis for the second assignment of error.

Third, the trial court merely followed our holdings in *Tessler I* and *II* that the Hillcrest Tower and Lykins properties were owned by the partnership, and therefore that the conveyance and subsequent mortgage recorded October 28, 1992, in favor of Ayer Electric were null and void. Therefore, there was no issue of law up for debate without a complete reconsideration of *Tessler I* and *Tessler II*, which were rightly decided in the first place.

Finally, as we discussed at length in *Tessler II,* the dissolution of the partnership was *never completed* because the affairs of the partnership were never "wound up." We are left to wonder if Ayer even read our decision in *Tessler II*. The fourth assignment of error is specious at best.

In *Nwabara v. Willacy* (May 6, 1994), Cuyahoga App. No. 65450, unreported, at 15, 1994 WL 189141, the Eighth District Court of Appeals noted that "sanctions under App.R. 23 serve two vital functions: they compensate the non-appealing party for the expense of having to defend a spurious appeal and, by deterring frivolity, they help preserve the appellate calendar for cases truly worthy of consideration." This case is a textbook example of why App.R. 23 exists. This appeal presents no reasonable question for review.

In *Tessler II,* we stated that Ayer's separate action to quiet title "border[ed] on an attempt to abuse the system." Today, we hold that with this appeal, Ayer crossed that border.

Accordingly, on the portion of the motion for sanctions regarding C–950027, we award Tessler's counsel attorney fees and costs, in an amount to be determined by subsequent entry, for preparing the defense for this appeal.

For the reasons stated above, we overrule all assignments of error and affirm the judgment of the trial court. We sanction Ayer for bringing this frivolous appeal and award attorney fees and costs to Tessler.[9]

We fervently hope that Ayer reads the writing on the wall and cooperates and complies with the previous orders of the court and acts to expedite the winding up of the affairs of the partnership, thereby driving a stake into the heart of this vampire-like litigation, which to all appearances is sucking not only the value out of the partnership assets, but also the life out of the parties and the patience out of this court.

*Judgment affirmed.*

MARIANNA BROWN BETTMAN, P.J., and SUNDERMANN, J., concur.

---

9. By way of separate entry, we order Tessler to provide a basis for a reasonable amount for attorney fees and costs in the appeal C–950027 pursuant to his motion for sanctions.