[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G) (1).
Appellant Jerome D. Fagel, Jr., appeals the trial court's entry that referred this case to arbitration and its order staying the lawsuit pending arbitration. In his appeal, Fagel claims the trial court erred because he was not bound by the arbitration clause contained in the promissory note executed in favor of appellee, Green Tree Financial Corp. He claims that because the separate agreement under which he personally guaranteed Drake Aviation's performance under the promissory note did not contain an arbitration clause, the trial court lacked jurisdiction to compel him to arbitrate.
The problem with Fagel's appeal is that the argument he now makes directly contradicts the argument he made to the court below. After Green Tree filed a complaint against Drake Aviation and Fagel for money owing on the note, Fagel filed a Civ.R. 12(B) (1) motion to dismiss. (Green Tree never successfully served Drake Aviation with its complaint.) In his motion before the trial court, Fagel argued the following:
[Green Tree] required the defendants to sign its own preprinted forms without alteration. These forms clearly require arbitration of any controversy or dispute arising out of the loan transaction. Having compelled the defendants to sign an agreement to submit any dispute to arbitration, [Green Tree] cannot now avoid the consequences of that agreement. This case must proceed to arbitration for resolution of [Green Tree's] claims.
Fagel argued to the trial court that the claim against him should be dismissed because the arbitration clause deprived the trial court of subject-matter jurisdiction to hear the dispute.
Green Tree filed an application to stay the judicial proceedings and a memorandum in opposition to Fagel's motion to dismiss. Fagel filed a memorandum in opposition to the stay and a reply memorandum. He stated again, "The loan transaction that is the subject of [Green Tree's] complaint contains an all-encompassing agreement that resolution of any dispute, including the validity of the arbitration clause, shall be had in an arbitrable, rather than a judicial, forum; therefore, this action must be dismissed as to Fagel." He also asserted that Green Tree, by filing the lawsuit, had waived its right to seek arbitration. Thus, according to Fagel, Green Tree had no recourse against him.
We conclude that the trial court's denial of Fagel's Civ.R. 12(B) (1) motion and its order staying the case pending arbitration should be affirmed. By admitting the applicability of the arbitration clause to him and relying solely on the clause in his argument to the court below, Fagel cannot now deny its applicability. If Fagel had made the argument below that he now makes to this court-that the arbitration clause is not binding on him-he would have been essentially arguing that Green Tree must proceed against him judicially, which is exactly what Green Tree did. Thus, we conclude that even if the trial court's determination were erroneous, any error was invited by Fagel. "A party may not `intentionally or unintentionally * * * induce or mislead a court into the commission of an error' then seek reversal on those very grounds."[1] Thus, Fagel's assignment of error is overruled, and the trial court's judgment is affirmed.
Green Tree has erroneously captioned its arguments in opposition to Fagel's assignment of error as assignments. Assignments of error would be applicable only if Green Tree had filed a cross-appeal, which it did not. Green Tree has, however, raised the issue of whether it is entitled to reasonable expenses for this appeal under App.R. 23 in its brief.
App.R. 23 allows for attorney fees and costs where an appeal is frivolous. A frivolous appeal under App.R. 23 has been defined as an appeal that presents no reasonable question for review.[2]
While we have not considered the merits of Fagel's argument on appeal because the claimed error was invited, we are concerned that no reasonable ground exists for the appeal. Thus, we hold that, under R.C. 2505.35, Green Tree is entitled to the maximum statutory damages of $1,000 which, on the state of the record, is a reasonable amount for having to defend against the appeal. We also hold that Green Tree is entitled to a $250 award of attorney fees as additional court costs under R.C. 2505.35.[3] (We proceed specifically under R.C. 2505.35, rather than generally under App.R. 23, which would allow a much larger amount of attorney fees, because of the statute's simplicity, and because we believe that in this case the statutory amount is proper.)
Accordingly, we affirm the trial court's judgment, and finding no reasonable ground for appeal, we award statutory damages and attorney fees totaling $1,250.
Doan, P.J., Hildebrandt, and Painter, JJ.
To the Clerk:
Enter upon the Journal of the Court on November 17, 1999, per order of the Court ______________________________. Presiding Judge
[1] Faber v. Queen City Terminals, Inc. (1994), 93 Ohio App.3d 197,203, 638 N.E.2d 115, 119, quoting Lester v. Leuck (1943),142 Ohio St. 91, 93, 50 N.E.2d 145, 146.
[2] See Tessler v. Ayer (1995), 108 Ohio App.3d 47,669 N.E.2d 891.
[3] See Fairview General Hosp. v. Fletcher (1990), 69 Ohio App.3d 827,591 N.E.2d 1312; Kent v. Cent. Benefits Mut. Ins. Co. (1990),67 Ohio App.3d 142, 586 N.E.2d 207; Lordier v. Lordier (Apr. 13, 1993), Franklin App. No. 92AP1208, unreported; Sears, Roebuck Co. v. Franklin Bd. of Rev. (Jan. 17, 1985), Franklin App. No. 84AP-770, unreported.