DECISION
On April 7, 1996, plaintiff-appellee, Chris W. Frowine, an employee of the Southern Ohio Correctional Facility ("SOCF"), was a passenger in an ambulance leased by Michael Adkins, d/b/a Portsmouth Ambulance Service. The ambulance was driven by Gregory Hubbard. The ambulance was transporting an inmate at SOCF from Pike County Hospital in Waverly, Ohio, to the Ohio State University Medical Center in Columbus, Ohio. The ambulance was involved in a one-car accident in Circleville when Hubbard lost control of the vehicle on an icy road. A guard from SOCF was driving a vehicle following the ambulance and was unable to keep pace with the ambulance, although the guard was driving at 85 m.p.h., Hubbard estimated his speed at 65 to 75 m.p.h.
As a result of the accident, Frowine sustained injuries. Frowine and his wife, Manya Frowine, filed a complaint against Hubbard, Adkins and his wife, d/b/a/ Portsmouth Ambulance Service, Northland Insurance Company ("Northland") and Allstate Insurance Company ("Allstate"). Appellees sought compensation from Hubbard and Adkins, and also sought a declaratory judgment against Northland and Allstate, declaring that, if Hubbard and Adkins were found to be statutorily immune pursuant to R.C. 4765.49, appellees were entitled to uninsured/underinsured motorist benefits pursuant to insurance policies from Northland and Allstate.
Appellants, Hubbard and Adkins, filed a motion for summary judgment asserting that they were statutorily immune because the ambulance was on an emergency call and they were not engaged in willful or wanton misconduct. The trial court overruled the motion.
A jury trial was held. The primary issue at trial concerned the question of whether appellants were statutorily immune from liability based upon R.C. 4765.49. If appellants were involved in an emergency run and were not engaged in willful or wanton misconduct, they were immune. Thus, the jury had to decide whether appellants were involved in an emergency run and whether they had engaged in willful or wanton misconduct. The jury found that Hubbard was responding to or completing an emergency call at the time of the accident, but also found that his operation of the ambulance was willful and wanton and awarded Chris Frowine $233,000, but denied Manya Frowine's claim.
Appellants filed a motion for a new trial and a motion for judgment notwithstanding the verdict. The trial court denied both motions. Appellants then filed a notice of appeal and raised the following assignment of error:
 WHETHER THE TRIAL COURT'S JURY INSTRUCTION WITH RESPECT TO WILLFUL AND WANTON MISCONDUCT WAS MISLEADING AND PREJUDICIAL, WARRANTING A NEW TRIAL.
Appellees filed a notice of cross-appeal, contingent only upon this court's reversal of the judgment, and raised the following assignments of error:
Assignment of Error No. 1
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO NORTHLAND INSURANCE COMPANY.
 Assignment of Error No. 2
 THE TRIAL COURT ERRED IN DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AGAINST ALLSTATE INSURANCE COMPANY.
By the assignment of error, appellants contend that the trial court's instruction pertaining to willful or wanton misconduct was misleading and prejudicial, thereby warranting a new trial. Appellants argue that, by including instructions on the relevant provisions of the traffic code immediately after the definitions of willful or wanton, the court permitted the jury to find that the failure to comply with the traffic sections constituted willful or wanton misconduct.
The jury instruction was as follows:
 However, Plaintiffs can still recover if the Plaintiffs prove by the greater weight of the evidence that the Defendant Greg Hubbard operated the ambulance in a willful and wanton manner.[1]
 What is willful and wanton misconduct? Willful misconduct is intentionally doing that which is wrong or intentionally failing to do that which should be done. The circumstances must also disclose that the Defendant knew or should have known that such conduct would probably cause injury to the Plaintiff. It is a general rule that every person may be presumed to intend the natural and probable consequences of his acts.
 Willful misconduct implies an intentional disregard of a clear duty or of a definite rule of conduct, a purpose not to discharge such duty or the performance of wrongful acts with knowledge of the likelihood of resulting injury. Knowledge of surrounding circumstances and existing conditions is essential. Actual ill will or an intent to injure need not be present.
 Wanton misconduct, wanton misconduct must be under such surrounding circumstances and existing conditions that the party doing the act or failing to act must be aware from his knowledge of such circumstances and conditions that his conduct will probably result in injury. Wanton misconduct implies a failure to use any care for the Plaintiff and an indifference to the consequences when the probability that harm would result from some failure is great and such probability is known or ought to have been known to the Defendant.
 When the driver of an ambulance is responding to an emergency call and has his lights flashing and is giving an audible signal, he is exempt from compliance with certain traffic laws, including those regarding speed, driving within marked lanes or lines of the highway, and maintaining control of his vehicle.
 However, it is stipulated by the parties that although Mr. Hubbard did have his lights flashing, he did not have his siren on. The stipulation is an agreement that certain facts are true.
 Since Mr. Hubbard did not have his siren on at the time of the accident he was required to follow the law regarding the speed of his vehicle, was required to maintain control of his vehicle, and was required to drive within the marked lanes or lines of the highway. I will explain each of these requirements in more detail, but note, however, that even if you find that Mr. Hubbard failed to obey one or all of the traffic laws, such failure does not necessarily constitute willful and wanton misconduct.
 And I confess to having a typographical error in that paragraph. You will see that I have interlineated the word necessarily, which was inadvertently omitted from that definition.
 That failure, if any, that is, the failure to obey one or more of the traffic laws, would merely be a factor that you may consider along with all other facts and circumstances in determining whether or not willful and wanton misconduct existed. In this case the Plaintiffs claim that the Defendant Hubbard drove the ambulance outside a single lane of traffic.
 The law provides that whenever any roadway has been divided into two or more clearly marked lanes for traffic, a vehicle shall be driven as nearly as practical entirely within a single lane or line of traffic and should not move from such lane or line until the driver has first ascertained that such movement can be made with safety.
 The Plaintiffs claim that the Defendant Hubbard operated the ambulance without being in reasonable control of it. The law provides that no person shall operate a motor vehicle on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle. A driver must operate his vehicle at a reasonable or proper speed, neither too fast nor too slow, having due regard to the traffic, the surface and width of the street or highway, and to any other conditions.
 In determining whether the speed of the driver was reasonable or proper, you must consider the permanent physical features of the scene, the hour of day or night, the extent of other traffic, the width and nature of the roadway, and any other circumstances existing at that time at that scene.
 A rate of speed greater than fixed in the statute may under certain circumstances be unreasonable and improper. Whether the rate of speed of the Defendants' vehicle, whatever you find it to have been, was reasonable and proper in view of all the surrounding conditions is for you to jury to determine. (Tr. at 70-74.)
Appellants' argument is that the charge implies that a failure to drive within a marked lane, or exceeding the posted speed limit, or losing control of the vehicle, may constitute, without more, willful or wanton misconduct. Appellants contend that the court exacerbated the confusion by giving written instructions to the jury, and the court should have separated the instruction on the pertinent traffic laws from the definition of willful or wanton misconduct by the use of a boldface-typed heading or putting the instructions on separate pages.
Although appellants objected to any inclusion of the three traffic sections in the instructions, they did not object to the position or timing of the sections within the instruction. Civ.R. 51(A) provides that a party must state with particularity the grounds for the objection and, if a matter is not objected to, that matter may not be the basis of an assignment of error. The rule provides, as follows:
 On appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. * * *
Appellants' counsel concedes that the traffic citations were correct statements of law, but merely objects to the placement of the instruction on the traffic regulations because it may have been confusing. Thus, appellants have waived this argument as a basis for error on appeal. See Schade v. Carnegie Body Co.
(1982), 70 Ohio St.2d 207, paragraph one of the syllabus.
However, even if appellants had not waived this argument, there are no grounds for an appeal based upon this argument. When determining whether a trial court erred in its jury instructions, an appellate court reviews the instructions as a whole. Wozniak v. Wozniak (1993), 90 Ohio App.3d 400, 410. "`Ordinarily, requested instructions should be given if they are correct statements of the law applicable to the facts in the case and reasonable minds might reach the conclusion sought by the instruction.'" Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585,591, quoting Markus Palmer, Trial Handbook for Ohio Lawyers (3 Ed. 1991) 860, Section 36:2. The instructions were correct statements of law and appellants' counsel so concedes; the trial court did not err in giving the instructions.
The trial court specifically instructed the jury against finding that a failure to obey the traffic laws constituted willful or wanton misconduct. As quoted above, the trial court stated:
 * * * [B]ut note, however, that even if you find that Mr. Hubbard failed to obey one or all of the traffic laws, such failure does not necessarily constitute willful and wanton misconduct.
* * *
 That failure, if any, that is, the failure to obey one or more of the traffic laws, would merely be a factor that you may consider along with all other facts and circumstances in determining whether or not willful and wanton misconduct existed. * * * (Tr. at 72-73.)
Thus, there is no confusion in the instructions because the trial court specifically instructed the jury that any violation of the traffic laws did not necessarily constitute willful or wanton misconduct. The jury is presumed to follow instructions given by the court. Pang v. Minch (1990), 53 Ohio St.3d 186, paragraph four of the syllabus. Appellants' assignment of error is not well-taken.
Appellees raised cross-assignments of error contingent only upon this court's reversal of the judgment and, since we have not reversed the judgment, we do not need to address the cross-assignments of error and they are overruled as moot.
Appellees filed a motion for sanctions, pursuant to App.R. 23, contending that appellants' appeal was frivolous and requesting an order that appellants pay attorney fees and costs. App.R. 23 provides, as follows:
 If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs.
"A frivolous appeal under App.R. 23 is essentially one which presents no reasonable question for review." Talbott v. Fountas
(1984), 16 Ohio App.3d 226. "`[S]anctions under App.R. 23 serve two vital functions: they compensate the nonappealing party for the expense of having to defend a spurious appeal and, by deterring frivolity, they help preserve the appellate calendar for cases truly worthy of consideration.'" Tessler v. Ayer (1995),108 Ohio App.3d 47, 58, quoting Nwabara v. Willacy (May 6, 1994), Cuyahoga App. No. 65450, unreported.
Not only did we find that there was no basis for this appeal, because appellants had waived their argument for appeal purposes, the instructions were correct statements of law and the trial court specifically instructed the jury that any violation of the traffic laws did not necessarily constitute willful or wanton misconduct, but, also, the record suggests that appellants' counsel prepared the jury instructions. When discussing objections to the proposed instructions, the parties and the court were working from appellants' proposed instructions. When the court and counsel were discussing a typographical error in the instructions, defense counsel stated: "Judge, we have no problem with that, the one we gave to you and to him this morning, pen it in, the word necessarily, fine with me." (Emphasis added. Tr. at 3.) Thus, the record suggests that defense counsel prepared the jury instructions. We find that this appeal was frivolous because the appeal presented no reasonable question for review. Appellees' motion for sanctions is granted upon submission of an appropriate affidavit.
For the foregoing reasons, appellants' assignment of error is overruled, appellees' cross-assignments of error are overruled as moot, appellees' motion for sanctions is granted, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed, motion for sanctions granted.
TYACK and BRYANT, JJ., concur.
[1] R.C. 4765.49 is written in the disjunctive and requires proof of willful or wanton misconduct. None of the parties objected to this portion of the instruction and this misstatement of the law may be clearly said to have had no effect on the outcome of this case.