ACCELERATED JOURNAL ENTRY AND OPINION
Plaintiff Robert Manning appeals from the judgment of the trial court which refused to permit him to attach the corporate assets of K.P. Adjusters, Inc. in order to satisfy a judgment which he obtained against Philip Pavarini. For the reason set forth below, we affirm.
On December 24, 1997, Manning was awarded judgment in the amount of $15,000 against Pavarini in an unrelated matter. On June 19, 1998, Manning filed a complaint for a creditor's bill against K.P. Adjusters, Inc., Pavarini, Katherine Krinek Pavarini, and Credit Acceptance Corp. alleging that Pavarini has a one-third interest in K.P. Adjusters, Inc. ("K.P. Adjusters"), that corporate formalities were not maintained with respect to this corporation, and that it has no separate corporate existence. Manning therefore asked that the trial court permit him to satisfy the judgment obtained against Pavarini with assets from K.P. Adjusters.
The matter proceeded to trial on August 3, 1999. On August 27, 1999, the trial court issued findings of fact and conclusions of law which provided in relevant part as follows:
 3. Defendant Philip Pavarini is the Vice President and Secretary of K.P. Adjusters, Inc., and owns five (5) shares of common, voting stock in the corporation.
 4. K.P. Adjusters, Inc. is an ongoing concern, with both money owing on account, and money owed to others in the course of its operation.
 5. K.P. Adjusters, Inc. does not, in all respects, observe corporate formalities, such as the conduct of formal corporate meetings and the maintenance of a corporate record book.
 6. In conducting business for K.P. Adjusters, Inc. Katherine Pavarini holds herself out to the public as an officer of K.P. Adjusters, Inc. and satisfies corporate debt through the use of a corporate checking account in the name of K.P. Adjusters, Inc.
 7. Physical stock certificates evidencing the issuance of stock in K.P. Adjusters, Inc. were never prepared.
 8. Since the inception of K.P. Adjusters, Inc., no corporate taxes have been paid, with an extension having been obtained each year.
 9. For approximately thirteen (13) months preceding trial, Defendant, Philip Pavarini has been paid no salary by K.P. Adjusters, Inc., and is owed approximately $16,000 * * *.
* * *
 11. Defendant Philip Pavarini was not subpoenaed for trial and was not called as a witness for the Defense. No testimony was elicited., or evidence introduced, to show that Defendant Philip Pavarini is using corporate assets for personal gain. (Emphasis added)
The trial court therefore denied Manning's request to attach the assets of K.P. Adjusters. Manning now appeals and assigns two errors for our review.
Manning's assignments of error are interrelated and state:
 THE TRIAL COURT ERRED IN FAILING TO GRANT PLAINTIFF-APPELLANT'S MOTION FOR SUMMARY JUDGMENT.
 THE TRIAL COURT ERRED IN ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND THEREFORE, ERRED IN ITS FINAL JUDGMENT.
Within these assignments of error, Manning asserts that the trial court erred in refusing to permit him to reach the assets of K.P. Adjusters in order to satisfy his judgment against Pavarini.
A corporation is a distinct legal entity, separate and apart from the natural individuals who formed it. Janos v. Murduck
(1996), 109 Ohio App.3d 583, 587, citing Ohio Bur. of Workers'Comp. v. Widenmeyer Elec. Co. (1991), 72 Ohio App.3d 100, 105.
However, in Ameritech Ohio v. Pub. Util. Comm. (1999), 86 Ohio St.3d 78,82 the Supreme Court observed, "Ohio law does recognize that a corporation which is the mere alter ego of an affiliate or is established for the sole purpose of circumventing the law will not be recognized as an independent entity." When a corporation is found to be the alter ego of the shareholders, the corporate forms are disregarded and the shareholder and the corporation are treated as one and the same. Tessler v. Ayer (1995), 108 Ohio App.3d 54
-55; Dirksing v. Blue Chip Architectural Products, Inc.
(1994), 100 Ohio App.3d 213, 228.
In Belvedere Condominium Unit Owners' Assn. v. R.E. RoarkCos., Inc. (1993), 67 Ohio St.3d 274, 288, the Ohio Supreme Court explained:
 The plaintiff must show that the corporation is so dominated by the shareholder that it has no separate mind, will, or existence of its own, and that injury or unjust loss resulted from the shareholder's control of the corporation. * * * The first element is a concise statement of the alter ego doctrine; to succeed a plaintiff must show that the individual and the corporation are fundamentally indistinguishable. The second element is the requirement that the shareholder's control of the corporation proximately caused the plaintiff's injury or loss. Both are fairly obvious, but necessary, preconditions to recovery under the alter ego doctrine.
The Belvedere Court then delineated the elements necessary to pierce the corporate veil as follows:
 (1) Control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity; and (3) injury or unjust loss resulted to the plaintiff from such control or wrong.
Id. at 289.
In the instant case, Manning asserted that K.P. Adjusters was Pavarini's alter ego and asked the trial court for reverse piercing of the corporate veil in order to use corporate assets to satisfy a judgment which he had obtained against Pavarini. Manning demonstrated that K.P. Adjusters failed to comply with various corporate formalities. Manning failed to demonstrate, however, that Pavarini's control over the corporation was so complete that the corporation has no separate mind, will, or existence of its own, that Pavarini's control over the corporation was exercised in such a manner as to commit fraud or an illegal act against Manning; and that he suffered injury or unjust loss as the result of such control or wrong. We are therefore unable to conclude that the judgment of the trial court was erroneous.
Affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL, J., AND KARPINSKI, J. CONCUR.
 ______________________________ ANN DYKE, ADMINISTRATIVE JUDGE