DECISION AND JUDGMENT ENTRY
This is an appeal from an Athens County Common Pleas Court judgment. The trial court overruled objections filed by George G. Karnes, defendant below and appellant herein, and adopted a proposed Magistrate's Decision regarding several matters in the protracted and ongoing dispute over the child support obligation first imposed after his divorce from his ex-wife, Nancy Karnes.[1] The following error is assigned for our review:
 "INASMUCH AS TRIAL COURT WAS NOT CLOTHED WITH THE JURISDICTION IT ASSUMED TO EXERCISE IN THE PROCEEDING BELOW, DEFENDANT-APPELLANTS RIGHTS GUARANTEED BY CONSTITUTION OF THE UNITED STATES, AS AMENDED; THE MIRROR IMAGE OHIO CONSTITUTION AND THE LAWS OR STATUTES ENACTED THEREUNDER HAVE BEEN VIOLATED IN FACT AND IN LAW."[2]
This case is yet another installment in the Karnes divorce. A brief review of past proceedings, as well as those leading up to the instant appeal, are as follows. Appellant and his ex-wife were married in 1968 and one child was born as issue of that marriage (J.W. Lucas Karnes — d/o/b 6-3-79). In 1981, Nancy Karnes filed for divorce. A referee heard the matter in December 1981 and issued a report that recommended that Ms. Karnes receive custody of their child and that appellant pay child support. The trial court adopted the referee's report on January 8, 1982, but did not specify which party was granted custody of the minor child or the exact amount of child support. An appeal followed and this court affirmed the trial court's judgment. See Karnes v. Karnes (Jan. 31, 1983), Athens App. No. 1131, unreported (hereinafter Karnes I).
On November 29, 1994, ACCSEA filed a motion and asked the trial court to hold appellant in contempt for failure to pay support and for a judgment on the child support arrearage. A referee recommended that appellant be held in contempt and that a lump sum judgment be awarded for unpaid child support. The trial court adopted the recommendation and we affirmed that judgment. See Karnes v. Karnes (Aug. 8, 1996), Athens App. No. 95CA1666, unreported (hereinafter Karnes II). The Ohio Supreme Court declined to hear an appeal of that case, see Karnes v. Karnes (1997),77 Ohio St.3d 1514, 674 N.E.2d 370 (Karnes II-A) and declined to hear it again on a motion for reconsideration. See Karnes v. Karnes (1997),78 Ohio St.3d 1415, 675 N.E.2d 1252 (hereinafter Karnes II-B).
On September 2, 1998, the Athens County Grand Jury returned an indictment charging appellant with four counts of criminal non-support. A jury found appellant guilty on all charges. The trial court sentenced appellant to partially suspended terms of imprisonment as well as community control sanctions. The court also ordered appellant to pay restitution in the amount of $39,971.22. An appeal was taken to this Court and we affirmed that conviction in State v. Karnes (Mar. 29, 2001), Athens App. No. 99CA42, unreported (hereinafter Karnes III).
The proceedings which led to this particular appeal were commenced below on September 18, 2000, when ACCSEA filed another "motion for contempt and/or judgment for child support arrearages." ACCSEA alleged that the appellant's unpaid child support obligation had risen to more than $48,000. At the same time, ACCSEA also filed a motion to terminate appellant's support obligation because the minor child had become emancipated. On November 6, 2000, the magistrate issued a proposed decision and found that the minor child had turned eighteen on June 3, 1997. Thus, the magistrate recommended that appellant's child support be terminated effective on that date. Moreover, the magistrate recommended that the motion for contempt and/or judgment for child support arrearage be dismissed with the understanding that ACCSEA could refile the motion with a calculation of unpaid support based on the termination of the support obligation at the child's eighteenth birthday.
Although the magistrate had essentially ruled in appellant's favor, appellant nevertheless filed written objections to the proposed decision. Those objections, spanning no less than twenty-two (22) pages, present a variety of rambling and highly convoluted arguments including an assertion that the trial court lacked jurisdiction. Specifically, appellant charged that the 1982 divorce decree was not a "lawfully issued judgment" and thus did not impose upon him a binding support obligation.
The trial court rendered its decision on November 20, 2000. The court overruled appellant's objections and adopted the magistrate's recommendations. The court reasoned that appellant did not object to the dismissal of the contempt proceeding and, thus, his arguments concerning validity of the 1982 divorce decree were moot. Finally, the court repeated that ACCSEA was free to file another contempt motion once child support arrearages had been recalculated based on the minor child's date of emancipation. This appeal followed.
Appellant continues to argue in his assignment of error that the 1982 divorce decree was void because it merely incorporated the referee's recommendations concerning issues of child custody and support, and did not expressly set out those matters in the judgment. He maintains that this omission deprived the court of any further jurisdiction over him in subsequent proceedings. Appellant urges us to "do the right thing" because "bureaugamy approaches." We are not persuaded.
First, we agree with the trial court that the entire issue of the validity of the 1982 divorce decree is moot. The motion by ACCSEA to hold appellant in contempt was dismissed and, thus, there is no longer any justiciable case or controversy in that regard. Be that as it may, we also agree with ACCSEA that this issue has long since been rendered resjudicata. Appellant raised this very argument in Karnes II III and we held in both cases that the issue was res judicata. He presents nothing new in this case which would lead us to change our opinion. For these reasons, his assignment of error is not well taken and is overruled.
We next turn our attention to ACCSEA's request that it be awarded attorney fees for defending against a frivolous appeal. The agency correctly points out that appellant has repeatedly raised this same argument in previous appeals and, each time, the argument has been repeatedly rejected. ACCSEA asserts that by raising it again in this case, appellant is acting frivolously and sanctions are warranted. We disagree, albeit reluctantly.
The provisions of App.R. 23 provide that if an appeal is determined to be frivolous, a court of appeals may require the appellant to pay the appellee's reasonable expenses, including attorney fees and costs. We agree that the instant appeal was frivolous. However, this rule also gives the court discretion as to whether to award the opposing side its fees and costs. See Tessler v. Ayer (1995), 108 Ohio App.3d 47, 57,669 N.E.2d 891, 898.
Appellant represented himself in this case pro se and we have a long history of affording considerable leniency to pro se litigants. See e.g.Besser v. Griffey (1993), 88 Ohio App.3d 379, 382, 623 N.E.2d 1326,1328; State ex rel. Karmasu v. Tate (1992), 83 Ohio App.3d 199, 206,614 N.E.2d 827, 832. It does not appear that appellant is familiar with the doctrine of res judicata.[3] Accordingly, in this instance we believe it appropriate to provide appellant some leeway. Our patience is not unlimited, however, and we are not without sympathy to the plight of ACCSEA who must defend against these meritless appeals. Thus, appellant is put on notice that this matter is res judicata and, if he appeals this issue again, he will subject himself to possible sanctions under App.R. 23 including the payment of attorney fees and costs to appellee.
Accordingly, having overruled appellant's assignment of error we hereby affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Peter B. Abele, Presiding Judge.
Abele, P.J., Harsha, J. Evans, J. Concur in Judgment Opinion.
[1] Nancy Karnes did not appear in the case below. The real party in interest and the appellee in these proceedings is the Athens County Child Support Enforcement Agency (ACCSEA).
[2] Appellant's brief does not contain a separate statement of the assignments of error as required by App.R. 16(A)(3). We have therefore taken this from the table of contents set out therein.
[3] Black's Law Dictionary (5 Ed.Rev. 1979) 1174 defines the term resjudicata as, inter alia, a "rule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or course of action." The dictionary further provides that "the sum and substance of the whole rule is that a matter once judicially decided is finally decided."
 ________________________ William H. Harsha, Judge
 ________________________ David T. Evans, Judge