[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant, GE Capital Mortgage Services, Inc. ("GE Capital"), appeals the summary judgment entered by the Hamilton County Court of Common Pleas in favor of defendant-appellee, H S Properties ("H S"), in a foreclosure action. For the following reasons, we affirm the trial court's judgment.
In May 1998, Ford Consumer Finance Co. ("Ford") filed a foreclosure action against Virginia Lois Guyer. GE Capital, as the holder of the first mortgage on the encumbered property, was named as a defendant. The common pleas court issued an entry of judgment in foreclosure, and the property was sold at a sheriff's sale. GE Capital received the entire proceeds of the sale, but refused to sign the entry confirming the sale on the ground that it had failed to attend the sale through excusable neglect.
GE Capital then filed a Civ.R. 60(B) motion seeking to have the judgment and sale vacated. On June 25, 1999, while the Civ.R. 60(B) motion was still pending, GE Capital filed a second action seeking foreclosure of its mortgage on the same property.
The trial court denied the Civ.R. 60(B) motion as to the first foreclosure action and, following the issuance of a report by a registered land examiner, ordered the title to the property transferred to H S. This court affirmed the judgment entry confirming the sale.[1]
Despite this court's affirmance of the sale, GE Capital continued to pursue the foreclosure action filed on June 25, 1999. H S filed a motion for summary judgment as to the June 25 action, and the trial court granted summary judgment in its favor on July 26, 2001.
GE Capital now asserts, in a single assignment of error, that the trial court erred in granting summary judgment in favor of H S. It argues that Ford's failure to note the pending foreclosure action on the certificate of title rendered the first foreclosure action void, and that the second foreclosure action was improperly terminated by summary judgment. The assignment of error is without merit.
Pursuant to Civ.R. 56(C), a motion for summary judgment is to be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[2]
In the case at bar, we find no error in the trial court's granting of summary judgment. All of the issues pertaining to the foreclosure, sale, and title to the property were fully litigated in the first foreclosure action. Based upon the report of the registered land examiner, the trial court confirmed the sale of the property to H S, and this court affirmed the trial court's judgment. The question of the title to the property is therefore res judicata, and we hold that the trial court properly entered summary judgment in favor of HS. The assignment of error is accordingly overruled, and the judgment of the trial court is affirmed.
Moreover, because GE Capital has attempted, through the instant appeal, to assert an interest that this court has previously and unequivocally rejected, we find the appeal to be frivolous. As we have previously held, where an appeal is merely a "`rehashing' of issues already argued previously" or an attempt "to relitigate [the] same issues under different grounds,"[3] sanctions are properly levied against the appellant. Here, GE Capital's attempt to resurrect an interest in the property through a second foreclosure action — and its appeal of the trial court's rejection of that attempt — are precisely the type of vexatious actions we denounced in Tessler.[4] Thus, we find the instant appeal to be frivolous under App.R. 23 and without "reasonable cause" under R.C. 2505.35. Accordingly, pursuant to R.C. 2505.35, we order that a fee of $250 be taxed against GE Capital in favor of counsel for HS and that a statutory sanction of $1,000 be taxed against GE Capital in favor of HS.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Sundermann, JJ.
[1] Ford Consumer Finance Co., Inc. v. Guyer (Feb. 21, 2001), Hamilton App. No. C-000045, unreported.
[2] State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587,589, 639 N.E.2d 1189, 1192.
[3] Tessler v. Ayer (1995), 108 Ohio App.3d 47, 57, 669 N.E.2d 891,898.
[4] Id.