**RUSSEL, Appellant,**

v.

**AKRON DEPARTMENT OF PUBLIC HEALTH, HOUSING
APPEALS DEPARTMENT, Appellee.**

[Cite as *Russel v. Akron Dept. of Public Health, Hous.
Appeals Dept.* (2001), 142 Ohio App.3d 430.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 20298.

Decided April 4, 2001.

*Edward L. Gilbert,* for appellant.

*Max Rothal,* Director of Law, and *John York,* Assistant Director of Law, for appellee.

---

SLABY, Judge.

Appellant, Aggie Russel, appeals from the judgment of the Summit County Court of Common Pleas, holding Akron Codified Ordinance 150.40(A)(2) constitutional. We affirm.

On January 10, 1997, the Akron Municipal Court convicted Russel of two misdemeanor housing code violations, pursuant to Akron Codified Ordinance 150.10, which provides for the general maintenance of buildings.[1] At that time Russel owned a total of eight properties in the city of Akron. Subsequently, the Akron City Public Health Department ("the City") notified Russel that due to her housing code conviction, all rental unit premises owned or operated by Russel were subject to mandatory semiannual inspections for a minimum of four years, pursuant to Akron Codified Ordinance 150.40(A)(2).

On December 21, 1999, Russel appealed the city's order to the Akron Housing Appeals Board ("the board"). The board denied the appeal on January 18, 2000. Russel filed a timely administrative appeal with the Summit County Court of Common Pleas, pursuant to R.C. Chapters 2505 and 2506. Russel argued that

---

1. The record is unclear as to the specific subsection of Akron Codified Ordinance 150.10 under which Russel was convicted.

Akron Codified Ordinance 150.40(A)(2) provided for mandatory warrantless housing inspections, which were a violation of her Fourth Amendment rights. The trial court affirmed the board's decision and held that the semiannual inspections mandated by Akron Codified Ordinance 150.40 were constitutional. Russel timely appealed raising one assignment of error for review:

"The lower court erred, as a matter of law, in determining that Akron [Codified Ordinance] 150.40(A)(2) was constitutional."

In her sole assignment of error, Russel presents two arguments. First, Russel argues that Akron Codified Ordinance 150.40(A)(2) is unconstitutional because it requires mandatory inspections of her property without a warrant. Next, she contends that not only should the inspections require a warrant but that a "more particularized inquiry" is required to obtain the warrant. She maintains that a previous housing code conviction for one property is not sufficient to establish probable cause to obtain a warrant for another property. We disagree to the extent we consider these arguments.

R.C. Chapter 2506 governs administrative appeals undertaken from a city housing board of appeals. See R.C. 2506.01. The appeal is first addressed to the court of common pleas of that county. *Id.* The common pleas court's standard of review is set forth in R.C. 2506.04:

"The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from."

 Our standard of review is even more limited. We must affirm the judgment of the court of common pleas unless that court's decision " 'is not supported by a preponderance of reliable, probative and substantial evidence.' " *Smith v. Granville Twp. Bd. of Trustees* (1998), 81 Ohio St.3d 608, 613, 693 N.E.2d 219, 223, quoting *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 465 N.E.2d 848. In making this determination, we apply an abuse-of-discretion standard. *Nauth v. Sharon Twp. Bd. of Zoning Appeals* (Sept. 2, 1998), Medina App. No. 2754–M, unreported, at 4, 1998 WL 597859. An abuse of discretion is more than an error of judgment but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748, 751. When applying the abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Id.*

Akron Codified Ordinance 150.40(A)(2) provides:

"(A) The owner or operator of a premises with a rental unit shall have the interior and exterior of the premises, its structures and its rental units inspected semi-annually, for a minimum of four years, to determine compliance with the Health, Safety and Sanitation Code, Litter Code, Housing Code, and Zoning Code, under the following circumstances:

"* * *

"(2) If the owner or operator has been convicted of a violation of this chapter, all premises and structures with a rental unit that the owner owns or that the operator operates shall be subject to semi-annual mandatory inspections as specified in this section."

Notably, Akron Codified Ordinance Chapter 150 does not require an owner to consent to a warrantless inspection of their property. In fact, Akron Codified Ordinance 150.02(A) states:

"The owner or occupant of every dwelling or rooming house or the person in charge thereof, on request of the Housing Inspector, may give the Housing Inspector free access to the dwelling or rooming house and its premises, at all reasonable times, for the purpose of the inspection, examination, and survey. *If entry is refused or not obtained, the housing inspector shall conduct the inspection only as provided by law. This chapter shall not be construed to require an occupant, operator or owner to consent to a warrantless inspection of a dwelling, rooming house or premises except as provided by law.*" (Emphasis added.)

■ Therefore, contrary to Russel's argument and as found by the trial court, Akron Codified Ordinance 150.40(A)(2) "does not mandate that the inspections be performed without a warrant, only that they must be performed either with the owner's consent or with a warrant." Therefore, we find that the trial court did not abuse its discretion in affirming the board's decision. Accordingly, the first argument in Russel's sole assignment of error is overruled.

Next, Russel contends that a conviction for a housing code violation is not sufficient probable cause to issue a search warrant authorizing inspection of her other properties. Because this matter lacks ripeness, we do not reach the merits of Russel's contention.

"The basic principle of ripeness may be derived from the conclusion that 'judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * [T]he time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff." *State ex rel. Elyria Foundry Co. v. Indus. Comm.* (1998), 82 Ohio St.3d 88, 89, 694 N.E.2d 459, 460.

■ Although Russel claims that the city has performed the semiannual inspections on her properties, she does not allege that the city has had occasion to obtain a search warrant to carry out the inspections. Therefore, Russel is asking this court to "address the abstract and the hypothetical." *Id.* In effect, Russel requests this court to determine whether there is sufficient probable cause with which to issue a search warrant, if the city requests and is granted a search warrant to inspect Russel's property, and if the basis for such a warrant is her previous conviction for a housing code violation on another property. Hence, because this issue lacks ripeness, we decline to address it.

Russel's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and WHITMORE, J., concur.