This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Raymond Thrower ("Thrower"), appeals from the decision of the Summit County Court of Common Pleas, which affirmed the decision of the Akron Housing Appeals Board. We affirm.
 I.
On September 7, 2000, the Akron Health Department conducted a mandatory inspection of Thrower's property at 882 Cordova Avenue in Akron. The inspection revealed various violations of the Akron Environmental Health and Housing Code. The Health Department issued an order to comply on September 20, 2000, listing the corrections necessary to bring the property into compliance with the housing code. The order specifically required Thrower to: (1) repair the plumbing; (2) repair exterior doors and windows and make them weathertight; (3) paint or otherwise protect exterior surfaces; (4) rebuild or demolish the garage; (5) repair and replace the kitchen cabinets; (6) discontinue the use of the basement as a dwelling unit; and (7) maintain the premises in a neat and sanitary manner. The order stated that the property was to comply with the order by October 20, 2000. On September 28, 2000, Thrower appealed the order to the Housing Appeals Board. Thrower appeared before the Board on November 21, 2000. The Board denied his appeal and found that the order to comply was properly served and that adequate time was given in order for Thrower to comply.
Thrower appealed to the Summit County Court of Common Pleas, pursuant to R.C. 2506.01. The common pleas court affirmed the Board's decision on August 31, 2000. This appeal followed. Thrower raises six assignments of error.[1]
 II.
We begin our discussion by noting our standard of review of administrative appeals. R.C. 2506.04 provides the standard of review for the common pleas court:
 "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."
The common pleas court weighs the evidence in the record and may consider new or additional evidence in certain circumstances. See R.C.2506.03; Smith v. Granville Twp. Bd. of Trustees (1998), 81 Ohio St.3d 608,612. A party may then appeal the court of common pleas' decision to an appellate court "on questions of law as provided in the Rules of Appellate Procedure." R.C. 2506.04. Upon appeal from the common pleas court, our review is even more limited. We must affirm the decision of the common pleas court unless we find, as a matter of law, the decision is not supported by a preponderance of reliable, probative, and substantial evidence. Smith, 81 Ohio St.3d at 613, citing Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34. See, also, Russel v. Akron Dept. of Public Health,Hous. Appeals Dept. (2001), 142 Ohio App.3d 430, 432.
 Assignment of Error Number One "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY NOT FINDING THAT THE HOUSING APPEALS BOARD ABUSED ITS DISCRETION IN NOT ALLOWING THE APPELLANT AN EXTENSION, NOT TAKING INTO CONSIDERATION THE WINTER CONDITIONS TO FIX THE HOUSING VIOLATIONS. PER THE HOUSING CODE 150. ET SEQ. AND OTHER CODES THE HOUSING APPEAL BOARD/HEALTH DEPARTMENT HAS MOVED AWAY FROM THE CRIMINAL COURT FOR VIOLATIONS BUT NOT FOR APPELLANT VIOLATING THE EQUAL PROTECTION CLAUSE OF THE OHIO AND UNITED STATES CONSTITUTION."
In his first assignment of error, Thrower argues that the trial court erred when it failed to conclude that the Board should have granted him more time in which to comply with the orders because of incoming winter weather at the time of the appeal. He states that "[p]er the record, when the appeal was perfected, it was the middle of winter, with freezing temperatures. The defendants expect the appellant to have fixed roofs and do painting in sub freezing weather."
The trial court noted that the original order to comply was served on Thrower on September 20, 2000, with a compliance date of October 20, 2000. The court found that at this time, the weather should not have been an obstacle to Thrower's completion of the repairs. Moreover, Thrower's appeal to the Board was heard a month later, on November 21, 2000. At that time, he still had not completed all of the repairs. The common pleas court's decision is supported by the evidence.
Thrower concludes his first assignment of error with the assertion that the Board's actions violate the Equal Protection Clause and the Takings Clause. He asserts that he has been treated differently from others similarly situated. However, as the trial court properly noted, "[t]he record is void of such evidence." The court did not err in finding Thrower's argument to be without merit.
Thrower's first assignment of error is overruled.
 Assignment of Error Number Two "THE ORDERS ON THIS PROPERTY WHERE ISSUED IN RETALIATION FOR PLAINTIFFS SUCCESSFUL APPEAL/APPEAL OF CONDEMNATION ORDER ON 335 1/2 PARKWOOD EXERCISING HIS RIGHT TO `ACCESS TO THE COURT' SEE MOTION FOR LEAVE FILED 12/21/00, VIOLATING — APPELLANT'S DUE PROCESS RIGHTS, 14TH AMENDMENT, 1ST, 5TH, AND 6TH AMENDMENT."
In his second assignment of error, Thrower asserts that the order to comply issued on September 20, 2000, was in retaliation for his successful appeal of a condemnation award issued by the Board for another property Thrower owns. We disagree.
The only suggestion in the record of a successful appeal brought by Thrower against the Board is his unsupported assertion. The record contains no evidence of any retaliatory motive on the part of the Board. Therefore, the court's decision is supported by a preponderance of reliable evidence. Accordingly, Thrower's second assignment of error is overruled.
 Assignment of Error Number Three "THE RECORD DOES NOT REVEAL THAT THERE WAS SUFFICIENT EVIDENCE TO `DENY THE APPEAL.' SEE Tp. SINCE PER THE RECORD THE ONLY TESTIMONY ON THE RECORD SHOWS THAT ALL ORDERS HAD BEEN COMPILED WITH OR WERE IN THE PROCESS OF BEING COMPILED WITH, THEREBY VIOLATING PLAINTIFF'S DUE PROCESS RIGHTS 5TH, 14TH AMENDMENT — U.S. CONSTITUTION."
In his third assignment of error, Thrower asserts that there was insufficient evidence to deny his appeal. In his brief to the common pleas court, as well as in his brief to this Court, he states that all of the orders had been complied with, except the garage roof, which was in the process of being completed. The common pleas court concluded that Thrower used this argument as a delay tactic, as he admitted that the roof had not been repaired. The common pleas' court disposition of this argument is supported by the record. Therefore, Thrower's third assignment of error is overruled.
 Assignment of Error Number Four "THE HOUSING APPEALS BOARD, HEALTH DEPARTMENT, ERRED WHEN IT ISSUED ORDERS IN RE INSPECTION FEES, ON THE PROPERTY 882 CORDOVA AND THE ISSUE OF THE INSPECTION FEES IS ON APPEAL, AT THE SAME TIME OF THE ASSESSMENT AND NOW ON APPEAL CASE #5:01CV2441, DEPRIVING THE STATE COURT OF JURISDICTION TO ASSESS THE INSPECTION FEES, WHEN THE ISSUE OF SAME IS PENDING IN THE FEDERAL COURT, PREJUDICING THE APPELLANT CAUSING REVERSIBLE ERROR VIOLATING THE OHIO AND UNITED STATES CONSTITUTION, DUE PROCESS, EQUAL PROTECTION CLAUSE, 5TH AND 14TH AMENDMENT."
 Assignment of Error Number Five "THE HOUSING APPEALS BOARD, COMMON PLEAS COURT, COMMITTED REVERSIBLE ERROR WHEN IT ALLOWED THE APPELLEE TO ASSESS INSPECTION FEES, WHEN `THE FAILURE TO COMMENCE AN ACTION (IN RE INSPECTION FEES) WITHIN (YEAR(S) AFTER THE VIOLATION OF AN ORDINANCE OR COMMISSION OF AN OFFENSE COVERED BY RC (DEPRIVES THE COURT OF JURISDICTION TO HEAR THE PROSECUTION, AND IF JUDGMENT IS ENTERED AGAINST THE DEFENDANT IT IS VOID.', IN RE THE INSPECTION FEES, APPELLEE WAITING TOO LONG TO COMMENCE THE COLLECTION OF SAME VIOLATING THE DUE PROCESS CLAUSE, EQUAL PROTECTION OF THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND THE OHIO CONSTITUTION, SECTIONS 10 AND 15 OF ARTICLE ONE, PREJUDICING THE APPELLANT[.]"
 Assignment of Error Number Six "THE HOUSING APPEAL BOARD, COMMON PLEAS COURT, COMMITTED REVERSIBLE ERROR, WHEN IT ASSESSED THE APPELLANT AN INSPECTION FEE, WHEN PER THE RECORD OF THE HOUSING APPEALS BOARD, THERE WAS NO PROOF THAT THE APPELLANT HAD EVER BEEN CONVICTED OF A HOUSING CODE VIOLATION THAT WOULD TRIGGER THE INSPECTION FEE PROCESS, PREJUDICING THE APPELLANT, THE APPELLEE NOT MEETING IT'S BURDEN OF PROOF AS A MATTER OF LAW, VIOLATING THE EQUAL PROTECTION CLAUSE, DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION, AND THE OHIO CONSTITUTION, SECTION 10 AND 15 OF ARTICLE ONE SAME, PREJUDICING THE APPELLANT[.]"
In his fourth, fifth, and sixth assignments of error, Thrower challenges the imposition of inspection fees on various grounds. However, Thrower failed to raise these issues in his administrative appeal. His failure to raise the issue before the common pleas court operates as a waiver of his right to assert it for the first time on appeal to this Court. See State ex rel. Zollner v. Indus. Comm. (1993),66 Ohio St.3d 276, 278. This Court need not address these arguments for the first time on appeal. Hypabyssal, Ltd. v. City of Akron Hous. AppealsBd. (Nov. 22, 2000), 9th Dist. No. 20000, at 5, citing Zollner,55 Ohio St.3d at 278. Because Thrower failed to raise these issues below, we decline to address them. Accordingly, his fourth, fifth, and sixth assignments of error are overruled.
 III.
As a final matter, we address the City's motion for fees and expenses. Pursuant to App.R. 23, we may require the appellant to pay reasonable expenses of the appellee, including attorney fees and costs, if we determine that the appeal is frivolous. An appeal is frivolous if presents no reasonable question for review. Tessler v. Ayer (1995),108 Ohio App.3d 47, 57. We do not find the appeal was frivolous because Thrower presented at least a colorable question of law. Therefore, we deny the motion for attorney fees and costs.
 IV.
Having overruled Thrower's six assignments of error, we affirm the decision of the Summit County Court of Common Pleas.
WHITMORE, J., BATCHELDER, J. CONCUR.
[1] We have reproduced Thrower's assignments of error exactly as presented in his brief. We note that Thrower's six assignments of error in this appeal are virtually identical to six of the seven assignments of error he raised in a previous appeal to this court. See Thrower v. Cityof Akron Dept. of Pub. Housing Appeals Bd. (Apr. 10, 2002), 9th Dist. No. 20735. His previous appeal, however, concerned property located at 436 Lovisa.