This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Raymond Thrower has appealed from a judgment of the Summit County Court of Common Pleas that affirmed a decision of the Akron Housing Appeals Board (the "Board"). This Court affirms.
 I
{¶ 2} On January 25, 2000, the City of Akron Department of Public Health ("Health Department") issued an order requiring Appellant to obtain mandatory semiannual inspections of all rental premises he owns and operates pursuant to Akron Codified Ordinance ("A.C.O.") 150.40. Appellant appealed the order to the Board, and the Board affirmed the Health Department's order. Appellant then filed an administrative appeal in the Summit County Court of Common Pleas, and the court affirmed the decision of the Board.
{¶ 3} On October 18, 2000, Appellant appealed the decision of the common pleas court to this Court, and Appellant's appeal was assigned case number 20316. On January 5, 2001, while the appeal in case number 20316 was still pending in this Court, the Health Department issued another order requiring Appellant to obtain mandatory semiannual inspections of his properties. Appellant pursued an appeal of this order before the Board, and the Board affirmed the order requiring mandatory inspections; Appellant then appealed to the court of common pleas, which in turn affirmed the decision of the Board. Pursuant to Appellee's motion, the common pleas court also determined that Appellant's administrative appeal raised "no reasonable question for review," and ordered Appellant to pay Appellee attorney's fees in the amount of $350 pursuant to App.R. 23. Appellant has timely appealed the decision of the court of common pleas, asserting three assignments of error.[1]
 II
{¶ 4} The common pleas court's review of Appellant's administrative appeal is governed by R.C. 2506.01 et seq. See R.C. 2506.01. R.C. 2506.04 sets forth the common pleas court's standard of review:
 {¶ 5} "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."
{¶ 6} The common pleas court weighs the evidence in the record and may consider new or additional evidence only under certain circumstances. See R.C. 2506.03; Smith v. Granville Twp. Bd. of Trustees
(1998), 81 Ohio St.3d 608, 612. A party may then appeal the court of common pleas' decision to an appellate court "on questions of law as provided in the Rules of Appellate Procedure[.]" R.C. 2506.04. Upon appeal from the common pleas court, our review is even more limited. We must affirm the decision of the common pleas court unless we find, as a matter of law, that the decision is not supported by a preponderance of reliable, probative, and substantial evidence. Smith,81 Ohio St.3d at 613, citing Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34. See, also,Russel v. Akron Dept. of Public Health, Hous. Appeals Dept. (2001),142 Ohio App.3d 430, 432.
 Assignment of Error Number One {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY NOT FINDING THAT THE HOUSING APPEALS BOARD LACKED JURISDICTION TO ASSESS PER A.O.C. 150.00 ET SEQ., WHEN PER THE RECORD, TSP. OF THE HOUSING BOARD HEARING, THE ISSUE OF THE INSPECTION FINES, FEES WAS AND IS IN THE PROCESS OF APPEAL IN VARIOUS STATE COURTS AND IS PENDING IN THE FEDERAL COURT DIVESTING TRIAL COURT OF JURISDICTION, APPEAL BOARD OF JURISDICTION, APPELLEE OF JURISDICTION TO SERVE INSPECTION FEE ORDERS ON APPELLANT VIOLATING APPELLANT'S DUE PROCESS RIGHTS UNDER THE 5TH AMENDMENT OF THE CONSTITUTION APPLICABLE TO APPELLANT VIA THE 14TH AMENDMENT OF THE U.S. CONSTITUTION."
 Assignment of Error Number Two {¶ 8} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT ORDERED APPELLANT TO PAY $350 IN ATTORNEYS FEES WHEN: 1) ISSUE OF ATTORNEYS FEES WAS NOT RAISED IN THE HOUSING APPEALS BOARD, 2) ATTORNEY FEE ISSUE WAS NOT RAISED IN APPELLEES' TRIAL COURT BRIEF, 3) THE APPELLEES DID NOT REQUEST `LEAVE' OF COURT TO RAISE SAME, 4) THE CASE IS ON APPEAL FROM THE HOUSING APPEALS BOARD APPELLEES ARE PRECLUDED FROM SUBMITTING OFF THE RECORD EXHIBIT VIOLATING APPELLANTS DUE PROCESS RIGHTS, 14th AMENDMENT, TRIAL COURT ABUSED IT'S DISCRETION IN ORDERING $350 IN ATTORNEY FEES."
 Assignment of Error Number Three {¶ 9} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR AS A MATTER OF LAW WHEN IT DID NOT OPINE THAT HOUSNIG APPEALS BOARD IS DIVESTED OF JURISDICTION, OR ARE BOUND BY `DURING THE PENDENCY OF APPEALS PROSECUTED UNDER R.C. § 2505.01 ET SEQ., COUNTY OFFICIALS ARE BOUND BY THE DOCTRINE OF LIS PENDENS TO MAINTAIN STATUS QUO: 1963 OAG NO. 102, VIOLATING APPELLANT'S DUE PROCESS RIGHTS, 14th AMENDMENT, OF THE U.S. CONSTITUTION, OHIO CONSTITUTION."
{¶ 10} In his first and third assignments of error, Appellant has argued that the Health Department, the Board, and the common pleas court were divested of jurisdiction to order Appellant to comply with the mandatory inspection program by the pendency of various court proceedings. In his second assignment of error, Appellant has contended that the trial court erred in ordering him to pay Appellees attorney's fees in the amount of $350.
{¶ 11} As an initial matter, we are constrained to point out that the record on appeal does not contain a transcript of the proceedings before the Board. R.C. 2506.02 places the burden of preparing and filing a transcript in the court of common pleas upon "the officer or body from which the appeal is taken." An order of the trial court dated May 3, 2002, indicates that "Appellee timely filed the Record of Proceedings on April 27, 2001." It appears, therefore, that the court of common pleas had before it a complete record of the proceedings before the Board.
{¶ 12} However, the appellant bears the burden of ensuring that those portions of the record necessary for the determination of an appeal are filed with this Court. App.R. 9(B); Loc.R. 5(A); Rose Chevrolet,Inc. v. Adams (1988), 36 Ohio St.3d 17, 19. Without those portions of the record necessary for the resolution of assigned errors, "the reviewing court has nothing to pass upon and * * * has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199.
{¶ 13} In the absence of a complete record, this Court cannot conclude that the trial court's decision, as a matter of law, is not supported by a preponderance of reliable, probative, and substantial evidence. Accordingly, Appellant's assignments of error are not well-taken.
 III
{¶ 14} Appellant's assignments of error are overruled. The judgment of the court of common pleas is affirmed.
BAIRD, P.J., BATCHELDER, J. CONCUR.
[1] We have reproduced Appellant's assignments of error exactly as he has presented them in his brief.