This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant James Lasko has appealed from an order of the Summit County Court of Common Pleas that affirmed a decision of the Norton Board of Zoning Appeals. This Court reverses and remands.
 I
{¶ 2} Appellant owns a twelve and one-half acre parcel of property (the "property") in the City of Norton. Appellant submitted an application for a building permit to construct a single family home on the property. The Norton Building and Zoning Department denied the permit. Appellant appealed the denial to the Norton Board of Zoning Appeals ("BZA"), which upheld the denial of the permit. Appellant then appealed to the Summit County Court of Common Pleas, which entered an order affirming the decision of the BZA. Appellant has appealed from this order of the common pleas court, asserting two assignments of error.
 II
{¶ 3} The common pleas court's review of Appellant's administrative appeal is governed by R.C. 2506.01 et seq. See R.C. 2506.01. R.C. 2506.04 sets forth the common pleas court's standard of review:
 {¶ 4} "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."
{¶ 5} The common pleas court weighs the evidence in the record and may consider new or additional evidence only under certain circumstances. See R.C. 2506.03; Smith v. Granville Twp. Bd. of Trustees
(1998), 81 Ohio St.3d 608, 612. A party may then appeal the court of common pleas' decision to an appellate court "on questions of law as provided in the Rules of Appellate Procedure[.]" R.C. 2506.04. Upon appeal from the common pleas court, our review is even more limited. We must affirm the decision of the common pleas court unless we find, as a matter of law, that the decision is not supported by a preponderance of reliable, probative, and substantial evidence. Smith,81 Ohio St.3d at 613, citing Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34; see, also,Russel v. Akron Dept. of Public Health, Hous. Appeals Dept. (2001),142 Ohio App.3d 430, 432.
 Assignment of Error Number One {¶ 6} "THE DECISION OF THE TRIAL COURT TO UPHOLD [APPELLEE'S] DENIAL OF A BUILDING PERMIT TO APPELLANT IS NOT SUPPORTED BY A PREPONDERANCE OF RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE."
{¶ 7} In his first assignment of error, Appellant has argued that the decision of the common pleas court to uphold the denial of Appellant's application for a building permit was erroneous. Appellant has contended that the court's decision to affirm the BZA's denial of the permit was not supported by a preponderance of reliable, probative, and substantial evidence.
{¶ 8} Appellant's property is located at the southern end of an undeveloped section of 21st Street in the City of Norton. This undeveloped portion of 21st Street extends approximately one hundred twenty feet from the southern edge of Union Street to the northern edge of the property. Union Street is a dedicated and improved city street. The portion of 21st Street between Union Street and the property, however, is dedicated but is not improved (i.e., has not been stabilized or paved in accordance with the minimum specifications required by the city).
{¶ 9} Norton Codified Ordinance ("N.C.O.") 1296.06(b) provides: "In R-1, R-2 and R-3 Districts, every lot serving a single-family dwelling unit shall have no less than fifty feet of frontage abutting a dedicated public street." The city initially denied Appellant's application for a building permit on the ground that Appellant's property did not have fifty feet of frontage abutting a dedicated street.
{¶ 10} Appellant thereafter appealed to the BZA. The BZA affirmed the city's denial of Appellant's permit application, but on the ground that Appellant's property failed "to meet the condition of an improved street as referenced in Section 1296.06 of the City Ordinances[.]" The "improved street" requirement is codified at N.C.O. 1296.06(a): "Every building shall have access to, and be accessible from, an improved street."
{¶ 11} Appellant then appealed the decision of the BZA to the court of common pleas, pursuant to R.C. Chapter 2506. Appellant argued that the one hundred twenty-feet-long stretch of 21st Street provided the access to an improved street required by N.C.O. 1296.06(a). The common pleas court disagreed and affirmed the decision of the BZA. The common pleas court concluded that Appellant's interpretation would have expanded the ordinance to include "indirect" access to an improved street, and held that there was no legal or factual basis for such an interpretation.
{¶ 12} This Court finds Appellant's argument well taken. N.C.O. 1296.06(a) provides, in its entirety:
 {¶ 13} "Every building shall have access to, and be accessible from, an improved street. Except as provided below, if a building is located in the rear of another building or on a lot that does not have frontage on a street, there shall be provided, for purposes of ingress and egress, a strip of land, not less than sixteen feet in width and a maximum of 400 feet in length, connecting such building or lot with a street, and such strip of land shall not be built upon or be otherwise occupied or obstructed, but shall be maintained as an easement for ingress and egress until a street shall be provided in lieu thereof. No such easement or private court shall form a part of any yard or lot areas required in this Zoning Code."
{¶ 14} The only access to Appellant's property is across the dedicated, but unimproved, one hundred twenty-feet-long section of 21st Street. Consequently, Appellant's property "does not have frontage on a street" within the meaning of N.C.O. 1296.06(a). However, Appellant's property is connected to Union Street by a strip of land that meets the requirements of the second sentence of N.C.O. 1296.06(a). Specifically, the dedicated portion of 21st Street at issue is fewer than four hundred feet in length, and is not built upon or otherwise occupied or obstructed. Appellant's property therefore has access to, and is accessible from, an improved street.
{¶ 15} Our foregoing interpretation of the plain language of the ordinance is further supported by a consideration of N.C.O. 1296.06(a) and (b) in pari materia. N.C.O. 1296.06(a) requires that every building have access to an improved street. N.C.O. 1296.06(b) requires frontage on a dedicated street. It is undisputed that Appellant's property has frontage on a dedicated street. The interpretation advanced by the city, and adopted by the court of common pleas, would elevate the requirement of frontage on a dedicated street to frontage on an improved street. Such an interpretation would obliterate the distinction between the requirements of N.C.O. 1296.06(a) and (b).
{¶ 16} For the foregoing reasons, we conclude that the decision of the court of common pleas was not supported by a preponderance of reliable, probative, and substantial evidence. Appellant's first assignment of error is well taken.
 Assignment of Error Number Two {¶ 17} "THE DECISION OF THE NORTON BOARD OF ZONING APPEALS WAS ARBITRARY AND UNREASONABLE."
{¶ 18} Due to our resolution of Appellant's first assignment of error, we need not address Appellant's second assignment of error. See App.R. 12(A)(1)(c).
 III
{¶ 19} Appellant's first assignment of error is sustained; we need not address Appellant's second assignment of error. The judgment of the court of common pleas is reversed, and the cause remanded for proceedings consistent with this decision.
CARR, P.J., BATCHELDER, J. CONCUR.