OPINION *Page 2 
{¶ 1} Plaintiff-appellant City of Massillon appeals from the October 13, 2006, Judgment Entry of the Stark County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 6, 2005, appellees Louie and Keti Gorgievski submitted a conditional use permit application to the City of Massillon Planning Commission seeking permission to use of the rear portion of their real property as a miniature golf course. While the front portion of appellees' real property (109 feet wide and 172 feet deep) is zoned B-1 Local Business and contains an ice cream stand, the rear portion of the same property (109 feet wide and 543 feet deep) is zoned R-1 Single Family Residential.
 {¶ 3} After the Massillon Law Director, in a letter to the Community Development Director of the City of Massillon dated February 14, 2005, concluded that a miniature golf course is not a "golf course" and, therefore, was "not a principal use permitted subject to special conditions" under Massillon Codified Ordinance Chapter 1153 [herein "Zoning Code"], the Massillon Planning Commission denied appellees a conditional use permit at its April 13, 2005 meeting.
 {¶ 4} Appellees then filed an appeal with the Stark County Court of Common Pleas (Case No. 2005 CV 01506). Pursuant to a Judgment Entry dated February 7, 2006, the trial court found that the reference to "golf courses" in section 1153.03(f) may include miniature golf courses. The court further found that, under the Zoning Code, a miniature golf course may be a conditional use allowed in a residential area subject to the conditions contained in Section 1153.03(f) of the Zoning Code. For such reason, the *Page 3 
trial court reversed the decision of the Planning Commission and remanded the matter for determination as to whether appellee's application met the conditions set forth in Section 1153.03(f).
 {¶ 5} A hearing of the Massillon Planning Commission was held on May 10, 2006. At the hearing, Commission members expressed concerns over ingress and egress from the miniature golf course, noting that neighborhood children might be walking to the miniature golf course or riding their bikes to the same. There was concern that the addition of the course at the back of the property could increase the risk of injury to the children. Concerns also were voiced over the negative impact the course might have on neighboring properties. At the hearing, appellees submitted a revised site plan for the proposed miniature golf course.
 {¶ 6} At the conclusion of the hearing, the Commission denied appellees' request for a conditional use permit, finding that the site plan submitted by appellees failed to make safe provision for pedestrian access as required under Section 1153.03(f)(2) of the Zoning Code.
 {¶ 7} Appellees then appealed to the Stark County Court of Common Pleas (Case No. 2006 CV 02188). Pursuant to a Judgment Entry filed on July 26, 2006, the trial court incorporated the complete administrative and judicial record in Case No. 2005 CV 01506 into the case sub judice.
 {¶ 8} Both parties then filed briefs in the trial court. Appellees, in their brief, argued that the City of Massillon Planning Commission had erred as a matter of law in denying their application for a conditional use permit, that they were denied a meaningful due process hearing before the Planning Commission, and that the *Page 4 
applicable portions of the City of Massillon Planning and Zoning Code were unconstitutionally vague and ambiguous.
 {¶ 9} As memorialized in a Judgment Entry filed on October 13, 2006, the trial court reversed the decision of the City of Massillon Planning Commission and directed the Commission to grant appellees' application for a conditional use permit and issue such a permit to appellees. The trial court, in its entry, stated, in relevant part, as follows:
 {¶ 10} "During the May 10, 2006 Hearing before the Massillon City Planning Commission, the Massillon City Community Development Director Aane Aaby (`Aaby') summarized for the Commission the remaining issues under § 1153.03(f) that needed to be decided by the Commission with regard to the Appellants' Application and amended site plan. Those conditions were: (1) `that there be satisfactory ingress and egress for safety for pedestrians and vehicles; ` (2) `have they laid this out so as to minimize its impact on surrounding properties.' (May 10, 2006 Transcript at pages 22-24.)
 {¶ 11} "Upon review of the proposed amended site plan and the Transcript of the May 10, 2006 Hearing, including attachments thereto, the Court finds that the Appellants' amended site plan, which included a designated pedestrian walkway and six-foot high solid privacy fence around the entire proposed development, as well as, low level lighting, i.e. landscape lights below the six-foot high fence, and limited hours of operation satisfy the required conditions set forth in §1153.03(f)(2) and (3). (Transcript at pages 14, 15, 19, 24-27, 36, 40-42.)
 {¶ 12} "Therefore, the Court finds that the decision of the Massillon City Planning Commission in denying the Appellants' Application for a conditional use permit was *Page 5 
unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."
 {¶ 13} Based on its decision, the trial court found it unnecessary to address the other issues raised by appellees in their brief.
 {¶ 14} Appellant City of Massillon now raises the following assignment of error on appeal:
 {¶ 15} "THE TRIAL COURT ERRED IN OVERTURNING THE PLANNING COMMISSION'S DENIAL OF APPELLEES' CONDITIONAL USE APPLICATION AS THE COMMISSION'S DENIAL WAS NOT UNCONSTITUTIONAL, ILLEGAL, ARBITRARY, CAPRICIOUS OR UNREASONABLE, AND WAS SUPPORTED BY THE PREPONDERANCE OF THE EVIDENCE BEFORE THE COMMISSION."
 I {¶ 16} Appellant, in its sole assignment of error, argues that the trial court erred in overruling the Planning Commission's decision, which denied the appellees' conditional use application, because the Commission's decision was not unconstitutional, illegal, arbitrary, capricious or unreasonable and was supported by a preponderance of evidence. We disagree.
 {¶ 17} A decision to grant a conditional use permit, made by a municipal planning commission, is reviewable by a court of common pleas as the "decision of any * * * commission * * * of any political subdivision." R.C. 2506.01. In its role as a reviewing court, the trial court must consider "the whole record," including new or additional evidence, to determine whether the commission's "decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of *Page 6 
substantial, reliable, and probative evidence." R.C. 2506.04; Henley v.Youngstown Bd. of Zoning Appeals, 90 Ohio St.3d 142, 147, 2000-Ohio-493,735 N.E.2d 433.
 {¶ 18} "An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence."Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34, 465 N.E.2d 848. "While the court of common pleas has the power to weigh the evidence, an appellate court is limited to reviewing the judgment of the common pleas court strictly on questions of law." Akwen, Ltd. v. Ravenna Zoning Bd.of Appeals, 11th Dist. No. 2001-P-0029, 2002-Ohio-1475, at 3 (citation omitted).
 {¶ 19} Therefore, when reviewing the judgment of a common pleas court which determined an appeal from an administrative agency, "[w]e must affirm the [trial court] unless that court's decision "`is not supported by a preponderance of reliable, probative and substantial evidence."Russell v. Akron Dept. of Public Health, Hous. Appeals Dept. (2001),142 Ohio App.3d 430, 432, 756 N.E.2d 118. In making such a determination, this Court applies an abuse of discretion standard. Copley Twp. Bd. ofTrustees v. Lorenzetti (2001), 146 Ohio App.3d 450, 454,766 N.E.2d 1022. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. *Page 7 
 {¶ 20} At issue in the case sub judice is whether the proposed site plan for the miniature golf course complied with Section 1153.03(f)(2) and (3) of the Massillon Planning and Zoning Code. Such section states as follows:
 {¶ 21} "The following uses shall be permitted, subject to the conditions hereinafter imposed for each use and subject further to the review and approval of the Planning Commission: . . .
 {¶ 22} "(f) Golf courses, . . . subject to the following conditions: . . .
 {¶ 23} "(2) The site plan shall be laid out to achieve a relationship between the major thoroughfare and any proposed service roads, entrances, driveways and parking areas which will encourage pedestrian and vehicular traffic safety.
 {¶ 24} "(3) Development features including the principal and accessory buildings and structures shall be so located and related as to minimize the possibilities of any adverse affects upon adjacent property. This shall mean that all principal or accessory buildings shall not be less than 200 feet from the property line abutting residentially zoned lands provided that where topographic conditions are such that buildings would be screened from view, the Planning Commission may modify this requirement."
 {¶ 25} Upon our review of the record, we find that the trial court did not abuse its discretion in reversing the decision of the City of Massillon Planning Commission. As noted by the trial court in its entry, after the Planning Commission voiced concerns over the safety of pedestrians, particularly children, appellees designated a crosswalk area for pedestrian traffic on their amended site plan. The site plan provided for a marked pedestrian walkway at the outer edge of the property. Appellees' amended site plan also includes a six foot high solid privacy fence around the entire proposed *Page 8 
development as well as waist-high landscape lighting and limited hours of operation to address concerns over adverse effects on adjacent property.
 {¶ 26} Based on the foregoing, we find that the trial court did not abuse its discretion in finding that the decision of the Massillon City Planning Commission was unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by the preponderance of substantial, reliable and probative evidence. The trial court's decision was not unreasonable, arbitrary, or unconscionable. There was ample evidence before the trial court that appellees met the conditions for a conditional use permit.
 {¶ 27} Appellant's sole assignment of error is, therefore, overruled. Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
 Edwards, J. Hoffman, P.J. and Delaney, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellants. *Page 1