[Cite as *Boston Twp. Bd. of Trustees v. Marks Akron Medina Trucks & Parts, Inc.*, 2011-Ohio-4223.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

BOSTON TOWNSHIP BOARD OF
TRUSTEES, et al.

     Appellees

     v.

MARKS AKRON MEDINA TRUCKS
AND PARTS, INC., et al.

     Appellants

C.A. No.     24880

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2007-10-7030

DECISION AND JOURNAL ENTRY

Dated: August 24, 2011

---

CARR, Presiding Judge.

**{¶1}** Appellants, All Ohio Landscaping, Inc. and Mark Malbin (collectively "All Ohio"), appeal the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶2}** On October 9, 2007, Boston Township Board Trustees and the township zoning inspector filed a complaint sounding in nuisance, and seeking injunctions and declaratory judgment, against All Ohio and Mark's Akron Medina Trucks and Parts, Inc. The complaint arose out of the defendants' operation of businesses allegedly in violation of township zoning resolutions. The defendants answered, generally denying the allegations. The parties agreed to the terms of a preliminary injunction but issues later arose in regard to the defendants' compliance. The parties were unable to come to further resolution. In the meantime, All Ohio

sought resolution of the underlying issues through administrative proceedings before the Boston Township Zoning Commission and Board of Zoning Appeals.

{¶3} On June 25, 2008, All Ohio filed an administrative appeal pursuant to R.C. Chapter 2506 in the common pleas court from the May 27, 2008 decision of the Boston Township Board of Zoning Appeals ("BZA"). On the same day, All Ohio moved to consolidate its administrative appeal with the nuisance action. The trial court consolidated the two cases.

{¶4} The BZA filed the record of the proceedings on August 1, 2008. All Ohio filed its brief, the township filed a response, and All Ohio filed its reply. All Ohio argued that it should prevail in its appeal for two reasons: (1) the BZA's conduct of the hearing was fatally flawed because no testimony was adduced under oath, and (2) the BZA's decision was arbitrary, capricious, unreasonable and unsupported by the preponderance of substantial, reliable, and probative evidence. The magistrate affirmed the decision of the BZA. All Ohio filed timely objections, the township responded, and All Ohio replied. On June 26, 2009, the trial court overruled All Ohio's objections, affirmed the magistrate's decision, and affirmed the decision of the BZA. All Ohio filed a timely appeal, raising one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

"THE TRIAL COURT ERRED IN OVERRULING APPELLANTS' OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION."

{¶5} All Ohio argues that the trial court erred by affirming the BZA's decision. This Court disagrees.

{¶6} While the common pleas court, in an appeal pursuant to R.C. Chapter 2506, considers the whole record to determine whether the administrative order is unconstitutional,

illegal, arbitrary, capricious, unreasonable or unsupported by the preponderance of substantial, reliable, and probative evidence, an appellate court's standard of review is more limited in scope. *South Park, Ltd. v. Council of the City of Avon*, 9th Dist. No. 05CA008737, 2006-Ohio-2846, at ¶5-6. "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law[.]'" *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, at fn. 4.

{¶7} However, while appellate courts must not substitute their judgment for that of an administrative agency or trial court "absent the approved criteria for doing so[,]" the trial court maintains a duty to examine the evidence. *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 261. Accordingly,

> "when reviewing the judgment of a common pleas court which determined an appeal from an administrative agency, '[w]e must affirm the [trial court] unless that court's decision 'is not supported by a preponderance of reliable, probative and substantial evidence.'' *White v. Cty. of Summit*, 9th Dist. No. 22398, 2005-Ohio-5192, at ¶13, quoting *Russel v. Akron Dept. of Public Health, Hous. Appeals Dept.* (2001), 142 Ohio App.3d 430, 432. In making such a determination, this Court applies an abuse of discretion standard. *White* at ¶13, citing *Copley Twp. Bd. of Trustees v. Lorenzetti* (2001), 146 Ohio App.3d 450, 454. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates 'perversity of will, passion, prejudice, partiality, or moral delinquency.' *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id." *South Park, Ltd.* at ¶7.

{¶8} The Ohio Supreme Court has held that a board of zoning appeals' approval or denial of an application for a variance is presumed to be valid, and the party challenging the board's determination has the burden of showing its invalidity. *Consol. Mgt., Inc. v. Cleveland* (1983), 6 Ohio St.3d 238, 240, citing *C. Miller Chevrolet v. Willoughby Hills* (1974), 38 Ohio St.2d 298, paragraph two of the syllabus.

{¶9}    All Ohio raises the same issues on appeal to this Court as it did in its appeal to the common pleas court and in its objections to the magistrate's decision. Specifically, All Ohio argues that (1) the hearing before the BZA was fatally flawed because of the admission of unsworn testimony, and (2) the BZA's decision was arbitrary, capricious, unreasonable and unsupported by the preponderance of substantial, reliable, and probative evidence.

{¶10} The record contains a praecipe to the township zoning secretary, requesting preparation and filing with the clerk of the court of common pleas of a "complete transcript of all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the decision of the [BZA], *** denying a conditional use certificate ***, or, alternatively, denying a variance ***." The record further contains a "Notice of Filing of Proceedings" of a "complete transcript of all the original papers, testimony and evidence offered, heard and taken into consideration in issuing the final order of the [BZA], which is the subject of this administrative appeal." While the record contains an "Index of Record Filed," significant portions of the record before the BZA are missing. Specifically, while the cover sheet for five listed "Zoning Applications" is present, none of the named documents are in the record. Moreover, the transcripts of the hearings which took place before the BZA on April 14, 2008, April 22, 2008, and May 5, 2008, as well as All Ohio's Exhibits A through S are missing from the record, along with the cover sheets relevant to those sections listed in the "Index of Record."

{¶11} An appellant is responsible for providing this Court with a record of the facts, testimony, and evidentiary matters necessary to support the assignments of error. *Volodkevich v. Volodkevich* (1989), 48 Ohio App.3d 313, 314. Specifically, it is an appellant's duty to transmit the transcript of proceedings. App.R. 10(A); Loc.R. 5(A). "When portions of the transcript which are necessary to resolve assignments of error are not included in the record on appeal, the

reviewing court has 'no choice but to presume the validity of the [trial] court's proceedings, and affirm.'" *Cuyahoga Falls v. James*, 9th Dist. No. 21119, 2003-Ohio-531, at ¶9, quoting *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199.

{¶12} A review of the evidence, specifically, the zoning applications, transcripts of the hearings before the BZA, and the exhibits admitted into evidence at those hearings, is necessary for a determination of All Ohio's assignment of error. In the absence of such evidence from the record, this Court must presume regularity in the trial court's proceedings and affirm the judgment of the trial court. See *Knapp*, 61 Ohio St.2d at 199. All Ohio's sole assignment of error is overruled.

III.

{¶13} All Ohio's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR

APPEARANCES:

REX W. POST, Attorney at Law, for Appellants.

EDWARD C. PULLEKINS, Attorney at Law, for Appellees.